DELIVERED OCTOBER TERM, 1839.

---

· JESSE H. BOWEN v. DAVID VICKERS and others.

As a general rule, the specific performance of a contract of sale will not be decreed in equity, if the vendor cannot make a good title, although the contract has made no provision as to covenants of warranty to be inserted in the conveyance.

But if it clearly appear that it was the intention of the parties that the purchaser should take the risk on himself, and receive only a conveyance of such interest as the vendor had, a specific performance of the contract will be decreed against the purchaser, though the vendor has no title.

THE bill states, that on the 27th of October, 1834, Federal Champion, of May's Landing, in the county of Gloucester, being

[Bowen v. Vickers et al.]

indebted to David Vickers, of Philadelphia, in a large sum of money, for goods sold and delivered, made his promissory note to said Vickers, and thereby promised to pay him or his order fifteen hundred dollars in eighteen months; and that the complainant and one Daniel Frazier became security for the payment of the said note when due: and that the said Federal Champion and the complainant, on the 29th day of the same month of October, gave to Vickers another note for seven hundred and one dollars, payable at eighteen months after date. That at the execution of the said notes the said Federal Champion was in possession of a large amount of real estate, but was indebted to a large amount and pressed by his creditors for payment. That the sole object of the complainant in becoming security for Champion for the payment of the first of the said notes, and joining with him in the second, was the hope and belief that if he could relieve the said Champion from immediate pressure, and prevent the sacrifice of his property by a sale, he would be enabled to procure from the property of said Champion the whole amount of a debt due from him to the complainant. That on the 19th day of January, 1836, before either of the said notes became due, the complainant and Vickers entered into a written agreement respecting the said notes, signed by the complainant and said Vickers, in the words and figures following, viz.:—"Articles of agreement between David Vickers, of the city of Philadelphia, in the state of Pennsylvania, and Jesse H. Bowen, of May's Landing, in the township of Hamilton, in the state of New-Jersey. The said Bowen promises to make to the said David Vickers a deed for the following lands purchased of John Jacob Vanderkemp, viz.: one tract of sixty and sixteen hundredths acres; one tract of six hundred and seventy-one acres; and one tract of seven hundred and fifty-five acres—making in the whole fourteen hundred and eighty-six acres and sixteen hundredths of an acre; and his promissory note for five hundred dollars, payable on the first of April next, at the State Bank at Camden; and a tract of land sold by James W. Caldwell as the property of Federal Champion, as by deed dated the 14th of March, A. D. 1835, be-

67

ing about five hundred acres, more or less—which said deed is to be executed in one month from this date, January 19th, 1836. And the said David Vickers on his part promises to deliver to the said Jesse H Bowen the promissory notes he holds against him, the said Jesse H. Bowen and Federal Champion, for seven hundred and one dollars, with interest from date, dated October 29th, 1834, payable in eighteen months after date; and a note for fifteen hundred dollars, dated October 27th, payable eighteen months after date, with interest, drawn in favor of David Vickers by Federal Champion, on which note Jesse H. Bowen and Daniel Frazier entered security. Dated this 19th January, 1836."

The bill further states, that in pursuance of the said agreement, on the 10th day of February, 1836, and within one month after the date of the agreement, the complainant made his promissory note to said Vickers for five hundred dollars. That in further pursuance of the said agreement, on the 9th day of February, 1836, he, together with his wife, Sarah B. Bowen, executed to the said David Vickers a deed of bargain and sale for the premises mentioned in the agreement, which deed, as set forth in the bill of complaint, contains the following covenant and another, viz.: "And the said party of the first part, for themselves, their heirs, executors and administrators, do hereby covenant and agree to and with the said David Vickers, his heirs and assigns, that they have not, nor hath either of them, done or suffered to be done, any act or thing, whereby the premises aforesaid are incumbered in title, but that the same are now hereby conveyed as free and clear as they were vested in said Jesse H. Bowen; and against the lawful demand or claim of all persons claiming the same under him, his heirs or assigns, will warrant and for ever defend by these presents." That the complainant, on the 10th day of February, 1836, caused and procured the said note and the said deed, duly acknowledged, to be tendered to the said David Vickers; but the said David Vickers refused to receive the same, or to give up to the complainant the notes of Federal Champion, for the payment of which the complainant was liable, as by the aforesaid agreement the said Vickers was bound to do.

[Bowen v. Vickers et al.]

That on the 18th of February, 1836, the complainant again caused his said note for five hundred dollars, and his deed for the premises specified in said agreement, to be tendered to the said David Vickers, and demanded of the said Vickers the two notes of Champion which the complainant was bound to pay ; but that Vickers refused to receive the note or deed of complainant, or to surrender the notes of Champion, upon the pretence that the complainant had no title for the premises described in the deed. The bill charges, that the complainant has good title for the said premises, which is particularly set forth in the bill. The bill further states, that the said David Vickers, after the tender on the part of the complainant to comply with the aforesaid agreement on his part, and after the refusal of the said Vickers to comply with the said agreement, made a pretended endorsement and assignment of the said notes given by Champion, and for which the complainant had become security, to one Elijah Van Syckle, and caused two actions to be commenced on said notes, in the name of the said Elijah Van Syckle, against the complainant, in the inferior court of common pleas of the county of Gloucester, in order to avoid the performance of his agreement with the complainant, and to compel the payment of said notes by the complainant. That the said assignment was a mere pretence, and was made without value, and that Vickers is still the *bona fide* owner of said notes ; and that Van Syckle, at the time of the pretended assignment of said notes, well knew of the agreement between the complainant and Vickers in relation thereto. The bill prays a decree for the specific performance of the contract between the complainant and Vickers, and an injunction to restrain further proceedings at law against the complainant, for the recovery of the amount due on the notes of Federal Champion, until the further order of the court.

The defendant's answer denies many of the charges contained in the complainant's bill, but the principal ground of defence relied on in argument, was the fact charged in the answer, that the complainant had no title whatever for the land which by the agreement he was bound to convey to the defendant.

A replication having been filed, evidence was taken by both parties, and the cause was heard at July term, 1839, upon the pleadings and proofs.

*Wall*, for complainant.

*Jeffers*, for defendant.

The Chancellor.   There is but one question in this cause proper to be discussed and settled at this time.   That relates to the true construction of the agreement between the complainant and David Vickers, entered into on the 19th of January, 1836.

Mr. Vickers, who is a wholesale grocer in the city of Philadelphia, sold goods in the year 1833 to Federal Champion, to the amount of four thousand five hundred dollars.   Champion became embarrassed in his circumstances, and the complainant, who is charged with being interested in the business, (but whether he was so in reality or not does not appear, and is not material here,) agreed to compound this debt of Champion by securing to Mr. Vickers fifty per cent. of his claim.   This arrangement was carried into effect as proposed, and the security was given, payable in eighteen months.   On this settlement Champion gave to Mr. Vickers his own note for fifteen hundred dollars, secured by the complainant and one Daniel Frazier, and the complainant and Champion made their joint note to Mr. Vickers for the further sum of seven hundred and one dollars.   While these new notes were running, and before they came to maturity, the complainant made another agreement with Vickers, by which Vickers was to give up the said notes upon receiving from the complainant a note for five hundred dollars, and a deed for certain lands.   The bill seeks to compel on the part of Vickers a specific performance of this last agreement.   The defendant resists it upon the ground, that after examination he has discovered that the complainant has no title to the lands which he agrees to convey.   The complainant has tendered to the defendant a deed for the lands without any personal covenants except as to his own acts, and contends that by the terms of the contract he made no stipulation for a good title,

and that the defendant must fulfil it whether he can show a title or not. This raises the question upon the terms of the agreement. The words used in the agreement are, " The said Bowen promises to make to the said David Vickers *a deed* for the following lands," &c.

The complainant's counsel has relied in support of his proposition that he made no stipulation as to title, much on the case of *Van Epps* v. *The Corporation of Schenectady*, in 12 *Johns.* 436. That was an action at law by the vendee, to recover back the consideration money which he had paid on the purchase of a number of lots, on an agreement similar to the present on the part of the defendants, to give the plaintiff *a deed* for the same. Under that agreement the defendants tendered him a quit-claim deed, which the plaintiff refused to take, insisting that he was entitled to a deed with the usual covenants, and brought his action to recover back his money. It will be observed, this was not a dispute about *title*, but about the kind of deed the plaintiff had a right to demand under his contract. The court decided, that an agreement to execute a deed was complied with by conveying the estate without personal covenants or warranty, and refused to give judgment for the money. It was said that the estate would pass by this deed, and if it was intended to require any personal covenants, they should be mentioned. Do the court mean to say, that if it should turn out that the defendants had *no title* to the lots, the plaintiff could not recover the consideration money ?— They do not, but on the contrary, it appeared in that very case, that the defendants, as to three of the lots, had no title, and the plaintiff had judgment *pro tanto.* Technically speaking, a stipulation to give a deed, does not necessarily imply that it must contain all or any of the usual covenants, though it may imply a title in the grantors. The case of *Ketchum* v. *Evertson,* in 13 *Johns.* 363, was also cited. That case is the same with the one just referred to, and is based upon it. It has reference only to the form of the deed. Judge Spencer, in delivering the opinion of the court, proceeds on that ground alone. He says, " a deed does not *ex vi termini,* mean a deed with covenants of warranty, but only an instrument with apt terms conveying the property sold. In

*Barrow* v. *Bispham*, 6 *Halsted*, 119, it is said that the words "good and sufficient deed," do not mean a good title, unless there is something in the agreement or attendant circumstances to show that the parties intended a good title should be given. That was a contract made by the plaintiff to sell the defendant all his right to the defendant's own property, which he had acquired under a sale of lands for direct taxes. The object of the purchaser was to remove out of the way a pretended claim on his property. The contract was no longer executory, for the deed had been executed more than eight years, and accepted by the defendant. The deed as drawn conveyed only the plaintiff's right, without any covenants whatever. The court could have no difficulty in such a case in believing that the parties never intended to require a perfect title at the hands of the plaintiff: all they designed was, that he should pass over all the right he had. These are all cases at law.

The true rule in this court on this subject, is well expressed by chancellor Walworth, in *Bates* v. *Delavan*, 5 *Paige*, 307. He says, "As a general rule, a court of equity will not decree the specific performance of a contract of sale, if the vendor cannot make a good title, although the contract has made no provision as to covenants of warranty to be inserted in the conveyance. An exception, however, to that rule exists, where by the contract of sale the vendee expressly assumes the risk as to the title, or agrees to take such a title as the vendor is able to give." The power of the court in compelling a specific performance is always discretionary, and must be exercised in such way as shall best advance the truth and justice of the case. I believe, from an examination of this agreement and the circumstances attending the whole case, that the complainant was to convey a legal title to the defendant. This was the plain intent of the parties. Can it be believed for one moment that the defendant, who had already relinquished one half of his debt on obtaining security for the remainder, intended by this agreement to cancel this remainder except five hundred dollars, by accepting a deed from the complainant for lands whether he had a title or not? If such had been the meaning, it should, and I think would, have been expressed in very different language. I do not mean to say that a specific

[Bowen v. Vickers et al.]

performance of a contract will not be decreed in any case where the complainant has no title. It will be, provided it appear that it was the clear intention of the parties that the purchaser should take the risk on himself, and was to receive only a conveyance of such interest as the vendor had. This intent must, however, be plain and explicit, not got at by a forced or technical construction of words. The whole instrument must be looked at, as well as the scope and object of the negociation. The vice-chancellor, in the case of *Jane Hunter* on petition, &c. 1 *Edwards,* 6, held that the words in the covenant of a lease authorizing the lessee " *to purchase*" by paying a certain sum, meant the whole title free from incumbrances. It is a bold request to make of a court of equity, to enforce specifically an agreement of sale, when the defendant stands before the court alleging, and offering to prove, that the plaintiff has no title for the lands which he proposes to convey. Even if the construction of the agreement was doubtful, that doubt should be resolved in favor of the defendant.

I shall pursue in this case the well settled practice of the court, by referring it to a master to ascertain the title of the complainant to the property, and the incumbrances, if any, upon the same.

Order accordingly.