## Dodd *against* Seymour :

### IN ERROR.

Where *A* and *B*, owning adjoining lands, entered into an agreement in writing, by which they mutually stipulated, each to lay out a road of a certain width, through his own land, and then *B* agreed to convey to *A* twenty feet of land, describing it ; on a bill in chancery brought by *A* against *B* for a specific performance of *B's* agreement to convey the land, it was held, 1. that it did not appear, that the laying-out of the road was, in any way, the inducement to such agreement of *B*, or that it was such a special benefit to *B*, or injury to *A*, as to constitute a legal consideration ; 2. that a court of equity will not compel a specific performance of an agreement, though fairly made, and upon such a legal consideration as would be sufficient to support it, in an action at common law, if the agreement be not explicit, or the consideration inadequate.

Where the court, on a bill in chancery for the specific performance of such agreement on the part of *B*, passed a decree, ordering *B* to execute and deliver to *A* a good deed of the land in question, with the usual covenants of seisin and warranty ; it was held, 1. that the import of such agreement was, to convey the land by deed, so as effectually to transfer to *A* an unincumbered title in fee ; 2. that to effect such transfer, a deed with such covenants, was not necessary ; 3. that as the decree transcended the agreement, it was erroneous.

This was a bill in chancery, brought by *Horace Seymour* against *James Dodd*, setting forth an agreement between the parties, and praying for a specific execution thereof. The agreement was in these words :

"We, the subscribers, agree to lay out a road running

from *Washington* street, *Eastward*, to intersect a new road laid out by *Horace Seymour;* said road is to be fifty feet in width, and the *North* line to start from the *South* end of *James Dodd's* corn-house, and taking fifty feet from the *South* end of said *Seymour's* lot; and said *Dodd* is to deed to said *Seymour* twenty feet of land on the *East* side of his lot, running from the *South* end to the *North*, adjoining said *Seymour;* and the road is to be laid out, and fenced, the coming fall.

*July* 10, 1842.　　　(Signed.)　　*James Dodd,*
　　　　　　　　　　　　　　　　*Horace Seymour.*"

*Hartford,*
June, 1852.
———
Dodd
*v.*
Seymour.

The prayer of the bill was, that the defendant, by some proper and legal instrument, should be ordered and decreed to convey to the plaintiff the aforesaid land.

The cause was heard, upon the bill and the defendant's answer, at the *January* term, in *Hartford* county, 1852.

The court, after finding the agreement, and the neglect of performance, on the defendant's part, passed a decree, ordering the defendant, under a penalty of 300 dollars, to make, execute, acknowledge according to law, and deliver to the plaintiff, by the 1st day of *August* then next, " a good deed, with the usual covenants of seisin and warranty, of the piece of land specified in said writing."

To obtain a revision and reversal of this decree, the defendant filed his motion in error.

*Welles* and *Fellowes,* for the plaintiff in error, contended, 1. That the decree was erroneous, because the defendant was ordered to execute a contract different from the one stated in the bill; that is, to execute a deed *with covenants,* when the contract stated, is satisfied by a deed *without covenants.* Co. Litt. 7. a. 4 *Kent's Com.* 461. *Nixon* v. *Hyscrott,* 5 *Johns. R.* 58. *Van Eps* v. *Schenectady,* 12 *Johns. R.* 436. 442. *Ketchum* & al. v. *Evertson,* 13 *Johns. R.* 359. *Gazley* v. *Price,* 16 *Johns. R.* 267. 269. *Parker* v. *Parmelee,* 20 *Johns. R.* 130. *Fuller* v. *Hubbard* & al. 6 *Cowen,* 13. *Tinney* v. *Ashley,* 15 *Pick.* 546. *Mead* v. *Johnson,* 3 *Conn. R.* 592. *Hill* v. *Hobart,* 16 *Maine R.* 168. *Little* v. *Paddleford,* 13 *N. Hamp.* 174.

2. That neither the bill nor the finding shews any consideration for the contract; and a court of equity will not decree

*Hartford,*
*June, 1852.*

*Dodd*
*v.*
*Seymour.*

the specific performance of a contract, which is without consideration. 2 *Sto. Eq. p.* 113. § 787. *p.* 121. § 793. *a.* 2 *Sw. Dig.* 21, 2. *Colman* v. *Sarrel,* 1 *Ves.* jun. 55. And the consideration must be distinctly alleged in the bill : it cannot be made out, by inference. *Shepard* v. *Shepard,* 6 *Conn. R.* 37. *Cady* v. *Cadwell,* 5 *Day,* 67. *Wright* v. *Dame* & al. 22 *Pick.* 55.

3. That the contract stated is too *indefinite* to be the subject of a specific execution, both as to the part to be performed by the defendant, and also by the plaintiff. *Colson* v. *Thompson,* 2 *Wheat.* 336. 341.

4. That the decree, if otherwise unexceptionable, is not sufficiently *specific,* as it does not specify the covenants to be executed ; whether covenants of seisin of a life estate, or of an estate in fee simple ; whether the warranty shall be special, or general—against the party's own acts, merely, or against all persons.

5. That the decree grants relief *not prayed for in the bill, viz.* covenants of seisin and warranty. There is no prayer for general relief. The only prayer is, "to convey the land." This may be done without covenants ; and is no more effectually done with covenants than without them. *Simms* v. *Guthrie,* 9 *Cranch,* 19. *Driver* v. *Fortner,* 5 *Porter,* 9.

*Parsons,* for the defendant in error, contended, 1. That the contract on the part of the defendant, (plaintiff in error,) was sufficiently *certain.* It is to *deed* twenty feet of land, describing it. It is an elementary principle, that where there is any doubt as to the construction of a covenant, it is to be taken in a sense most strongly against the covenanter. *Esp. Dig.* 271. But secondly, this contract is free from doubt. To *deed,* means to *convey*—*i. e.* to transfer the title, by deed. To sell land, is to sell it in fee simple. *Hughes* v. *Parker,* 8 *Mees. & W.* 244.

2. That a sufficient consideration appears on the face of the contract. It contains *mutual* covenants. The stipulation on the part of the defendant, is in consideration of that on the plaintiff's part. 2 *Kent's Com.* 465.

3. That the decree is in pursuance of the contract. It only carries that contract into effect according to its true and correct import.

4. That the decree is sufficiently specific.

5. That the relief granted is only co-extensive with that sought by the bill. The bill asks for a specific execution of the contract. This, and this only, the decree requires of the defendant.

CHURCH, Ch. J.   This bill asks for the specific execution of a certain part of a written contract, entered into between these parties ;—a stipulation by the defendant, to convey to the plaintiff twenty feet of land, as described in the agreement, dated *July* 10, 1842.

The first difficulty which meets us, is, that it does not appear from the face of the agreement itself, nor from any averment in the bill, nor by the finding of the court, that there was any consideration for this undertaking by the defendant. It is true, that the court, in its finding, referring to the allegations and facts in the bill, speaks of them as showing a consideration.   An inspection of the agreement and the bill will shew, that in them, no consideration appears, or is averred ; and we do not well see how any can be inferred.

The parties mutually stipulated, each to lay out a road through his own land, and, so far as we can see, for the mutual and equal benefit of both ; and then the defendant, *Dodd*, as an independent stipulation, agrees to convey to the plaintiff the land in question.   Why ?   It does not appear, that the laying-out of the road was, in any way, the inducement to this promise, or that it was such a special benefit to the defendant, or injury to the plaintiff, as to constitute a legal consideration.

A court of equity is not bound to compel a specific performance of a contract, even fairly made, and upon such legal consideration as would be sufficient to support it, in an action at common law.   A consideration must not only exist, but it must be adequate, to induce a court of equity to decree a compulsory performance ; and the contract must be so explicit as not to leave the court to conjecture.   1 *Madd. Ch.* 326.   *Peacock* v. *Monk*, 1 *Ves.* 133.   *Underwood* v. *Hitchcock*, 1 *Ves.* 280.   *Graham* v. *Graham*, 1 *Ves.* jun. 275.   18 *Ves.* jun. 149.   2 *Sto. Eq.* 54. 76.   2 *Sw. Dig.* 21. 22.   *Seymour* v. *DeLancy*, 6 *Johns. Ch. R.* 232.

2. We cannot resist the objection made by the defendant,

to the decree of the court requiring him to convey the land in question by a deed, with covenants of warranty, seisin, &c. This is going beyond a decree for specific performance; it requires the defendant to perform that which he never agreed to do. His agreement was only *to deed,* that is, *convey,* the land to *Seymour,* by deed. The import of this agreement, was, that the land should be so conveyed, by deed, as effectually to transfer to him an unincumbered title in fee.

If the defendant had such a title, a release or quit-claim deed would be as effectual to transfer it, as a deed with covenants; and if he had not such title, a deed with covenants would not transfer it. *Dart* v. *Dart,* 7 *Conn. R.* 250.

In the case of *Van Eps* v. The City of *Schenectady,* 12 *Johns. R.* 436. it was decided, that an agreement, on a sale of land, to execute a deed, was satisfied, by executing a deed without covenants. The doctrine of that case was confirmed, in the case of *Gazley* v. *Price,* 16 *Johns. R.* 267. And the authority of these cases and the principle recognized by them, was expressly sanctioned, by this court, in the case of *Mead* v. *Johnson,* 3 *Conn. R.* 592. This is sufficient for us, although we believe the same doctrine has been received by several of our sister states.

It does not appear but that the defendant had, and now has, an unincumbered title in fee to the land in question. And if this was so, it was said in argument, that a deed with covenants would work no injury to the defendant, while it would afford a legal remedy to the plaintiff, if the defendant had no such title; and therefore, the decree, in this respect, was equitable. " *In hæc fœdera non veni*" is an answer to this suggestion. But in such case, a compliance with the decree made in equity, would forthwith subject the defendant to an action at law. The party might have had other good reasons for refusing to make such a bargain; and the court cannot substitute it now for the one in fact made. It would be an essentially different contract.

If the defendant is made to insert covenants in his deed, he not only binds himself, but his heirs after him. He, then, not only contracts with the plaintiff, but he contracts with his assigns in all time to come.

With these views, we are brought to the opinion that the decree of the superior court is erroneous.

*Hartford,*
June, 1852.

Dodd
*v.*
Seymour.

In this opinion the other judges concurred, except ELLS-WORTH, J., who was disqualified under the act approved *June* 29, 1852. *sect.* 4.

Decree reversed.