## Winslow S. Kyle vs. Edward Kavanagh.

Under an agreement to sell and convey land with a good title, the purchaser is not entitled to a warranty deed.

In an action for the price of land, in which the defendant set up as a defence that the land conveyed to him was not that which he agreed to purchase, the judge instructed the jury that "if the defendant was negotiating for one thing and the plaintiff was selling another, and their minds did not agree as to the subject matter, they could not be said to have agreed and made a contract, although there was no fraud on the part of the plaintiff," and that "mistake alone, if proved, was a good defence." *Held*, that the plaintiff had no ground of exception.

CONTRACT to recover the price of land sold and conveyed to the defendant. At the trial in the superior court, before *Brigham*, C. J., it appeared that the plaintiff signed and gave to the defendant the following agreement in writing: "Boston, July 2, 1868. I hereby agree to sell to E. Kavanagh four lots of land in Waltham on Prospect Street, so called, for 50 shares of Mitchell Granite stock, 9000 shares of Revenue Gold stock, also $150 in lawful money for said land. Said Kyle is to give said Kavanagh a good title, if the title is in said Kyle, so he can give deed; if said Kyle cannot give a good title, then this agreement is null and void."

The plaintiff offered evidence tending to prove that "at the time of the bargain the record title to said land was in Charles E. Jackson, although the plaintiff was the equitable owner thereof; that it was orally agreed between the plaintiff and defendant, that the deed, conveying said land to the defendant, should run from Jackson; that the defendant appointed John Wright as his agent to examine the title of said land, and accept a deed, if the title should be found good in Jackson; and that a quitclaim deed from Jackson to the defendant was delivered to Wright and recorded by him, conveying" certain land "on Prospect Street" in Waltham.

The defendant contended and introduced evidence tending to show that, either by the fraud or misrepresentation of the plaintiff, or by mistake, the land conveyed by the deed was not the land which he bargained for, and that what he had agreed to

purchase was a lot of land on another Prospect Street in Wal‑ tham, in no way connected with that mentioned in the deed, and a ong way off; and he also contended that he was entitled to a warranty deed.

The plaintiff contended that, " if the defendant was to take his conveyance from Jackson, if he found the title good in him, all he could claim was a quitclaim deed, and that ' good title,' within the meaning of the writing of July 2, did not necessarily mean a warranty deed from the party who was to give the deed to the defendant; " but the judge ruled " in both cases that the defendant was entitled to a warranty deed, unless he waived it and agreed to take some other form of conveyance."

The judge, at the commencement of his charge, instructed the jury that, " if the defendant was negotiating for one thing and the plaintiff was selling another thing, and if their minds did not agree as to the subject matter of the sale, they could not be said to have agreed and to have made a contract; " and fur‑ thermore, after the conclusion of his charge and at the request of the defendant, also instructed the jury that, " if the plaintiff or the defendant were in fact mistaken as to the location of the land, it was a good defence, although there was no fraud or mis‑ representation on the part of the plaintiff," and that " mistake alone, if proved, was a good defence." The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*L. W. Howes & E. B. Smith*, for the plaintiff.

*S. Z. Bowman*, for the defendant. An agreement to give a " good title " to land entitles the vendee to a warranty deed. *Church* v. *Brown*, 15 Ves. 258. *Loyd* v. *Griffith*, 3 Atk. 264, 268. 2 Sugden on Vendors, (7th Am. ed.) 150. *Dwight* v. *Cutler*, 3 Mich. 566. *Fleming* v. *Harrison*, 2 Bibb, 171. *Hedges* v. *Kerr*, 4 B. Monr. 526. *Tremain* v. *Liming*, Wright, 644 *Clark* v. *Redman*, 1 Blackf. 379. *Rucker* v. *Lowther*, 6 Leigh, 259. *Linn* v. *Barkey*, 7 Ind. 69. Rawle on Covenants for Title, 549, 554, 557, and cases cited. In Pennsylvania, where it has been held that a general agreement to convey requires only a quitclaim deed, or deed with special warranty, it has been on the ground that a deed with special warranty was the usual form

of deed in that state, as is further shown by the question having been raised in the courts, whether a general warranty deed, being an unusual form of conveyance, did not throw a suspicion or cloud upon the title. *Withers* v. *Baird,* 7 Watts, 227. Rawle on Covenants for Title, 555. *Cresson* v. *Miller,* 2 Watts, 272. *Forster* v. *Gillam,* 13 Penn. State, 340.

Where it has been held, as in New York, Connecticut and Maine, that an agreement to convey is satisfied by executing a deed without covenants, it has been so held in the case of agreements, referring to the giving of a conveyance, rather than to the giving of a good title. *Gazley* v. *Price,* 16 Johns. 267. *Fuller* v. *Hubbard,* 6 Cowen, 13, 22. *Van Eps* v. *Schenectady,* 12 Johns. 436. *Ketchum* v. *Evertson,* 13 Johns. 359. *Potter* v. *Tuttle,* 22 Conn. 512. *Hill* v. *Hobart,* 16 Maine, 164. See *Tinney* v. *Ashley,* 15 Pick. 546, 552; *Vickery* v. *Welch,* 19 Pick. 523. The agreement should be construed most strongly against the plaintiff. *Barney* v. *Newcomb,* 9 Cush. 46, 56, and cases cited.

The instruction as to mistake was correct. *Ketchum* v. *Catlin,* 21 Verm. 191. *Wheadon* v. *Olds,* 20 Wend. 174. *Taylor* v. *Fleet,* 1 Barb. 471. Story on Sales, §§ 145, 146, 148, 377. Chit. Con. (10th Am. ed.) 694, 696. Met. Con. 31.

MORTON, J. This is an action of contract to recover the agreed price of land which the plaintiff alleged he had sold and conveyed to the defendant. It appeared at the trial, that the legal title to the land in question was in Charles E. Jackson, the plaintiff being the equitable owner thereof. The plaintiff introduced testimony tending to show that the defendant agreed to purchase said land and to take a conveyance from Jackson, if upon examination the title should be found good in Jackson · that the agent of the defendant examined the title, found it good, and thereupon Jackson executed a quitclaim deed to the defendant, which was delivered to his said agent and duly recorded. The defendant contended that the agreement was that he should receive a warranty deed from the plaintiff.

In this aspect of the case, the plaintiff requested the court to instruct the jury that if by the contract " the defendant was to take his conveyance from Jackson if he found the title good in

him, all he could claim was a quitclaim deed." The court refused this prayer, and instructed the jury that the defendant was entitled to a warranty deed unless he waived it and agreed to take some other form of conveyance. We are of opinion that this ruling was erroneous. If the whole agreement was as stated in the plaintiff's prayer, it would be complied with on the part of the plaintiff by delivering a quitclaim deed from Jackson.

A deed of quitclaim passes all the estate which the grantor could convey by a deed of bargain and sale. Gen. Sts. c. 89, § 8. If a grantor has in fact a good title, his deed of quitclaim conveys his title and estate as effectually as a deed of warranty. An agreement or covenant to convey a good title, therefore, does not necessarily entitle the covenantee to a warranty deed; the right of property and of exclusive possession, which constitutes a good title, being effectually vested in him by a deed of quitclaim. *Gazley* v. *Price*, 16 Johns. 267. *Ketchum* v. *Evertson*, 13 Johns. 359. *Potter* v. *Tuttle*, 22 Conn. 512. In this case, it should have been left to the jury to determine what the contract between the parties was, with instructions that, if the entire contract was that the plaintiff should give the defendant a good title by a conveyance from Jackson, there being no agreement as to the form of the deed, then the delivery to the defendant of the deed of quitclaim was a compliance with the contract on the part of the plaintiff.

For the same reasons, the written agreement of the plaintiff " to give said Kavanagh a good title " would be complied with by a deed of quitclaim, and the jury should have been so instructed, if the construction of the written agreement was material and called for in the case as presented upon the evidence.

The other exception taken by the plaintiff cannot be sustained. The instructions given were, in substance, that, if the defendant was negotiating for one thing and the plaintiff was selling another thing, and their minds did not agree as to the subject matter of the sale, there would be no contract by which the defendant would be bound, though there was no fraud on the part of the plaintiff. This ruling is in accordance

with the elementary principles of the law of contracts, and was correct. *Spurr* v. *Benedict,* 99 Mass. 463.

*Exceptions sustained.*