Lounsbery v. Locander.

LOUNSBERY, appellant, and LOCANDER, respondent.

1. In every contract for the sale of lands, an agreement is implied to make good title, unless that liability is expressly excluded. The estate which the purchaser bargained for, whether in fee simple, or for a lesser interest, will be ascertained from the terms of the agreement, or if the agreement be silent in that respect, from the circumstances attending the transaction. For such estate, whatever it may be, the purchaser has a right to a good title, unless he has expressly assumed the risk of the title, or agreed to take such title as the vendor is able to give.

2. The vendor will not, either at law or in equity, be deemed to have complied with his contract by tendering a conveyance in legal form with such covenants (if any) as were stipulated for in the agreement, if, in fact, he has not the title which he contracted to sell.

3. As a general rule, an agreement to convey, means a conveyance in fee, unless it appears that the parties intended to contract on the basis of a lesser estate.

4. A stipulation that a party shall have the privilege of purchasing, is equivalent to an agreement to convey, and will entitle him to a conveyance at least, of all the estate the other party had at the time of the contract.

5. The legal effect of an agreement made by a grantee with the grantor, executed after the conveyance, but which was, in fact, part of the original

arrangement under which the conveyance was made, that the grantor should have the refusal of a specified part of the premises conveyed, at the same rate per acre that he received for the whole, in a suit to enforce such agreement by the grantor, is that of a contract to reconvey the same title to the premises as the grantee acquired under his deed, free from any charges or encumbrances to which the same may have been subjected by such grantee whilst he was owner.

6. Under a contract to convey, equity will not compel the vendor to enter into any covenants for title, where no defect in the title is disclosed, in the absence of any stipulation that the purchaser shall have a conveyance with such covenants.

7. The general doctrine in equity is, that a purchaser, on a bill for specific performance filed by the vendor, will not be compelled to accept compensation or indemnity; and that on a bill by the purchaser, a vendor will be required to allow compensation, in case he is able to make title for a part, but not for the whole, if the purchaser consents to accept part performance with such compensation.

8. But a court of equity will not compel the vendor to give indemnity except under extraordinary circumstances, or decree a covenant of indemnity against him, unless the parties have contracted for it.

This was an appeal from a decree made in accordance with the opinion of the Vice-Chancellor, reported in 9 *C. E Green* 418.

*Mr. English* and *Mr. Williamson,* for appellant.

*Mr. Blake,* for respondent.

The opinion of the court was delivered by

DEPUE, J.

The bill in this case was filed for the specific performance of a contract to convey lands. The Chancellor, on the advisory opinion of the Vice-Chancellor, signed a decree, directing a conveyance on the conditions mentioned in the contract. This result was, in all respects, so manifestly right, that after the opening by the appellant's counsel, this court refused to hear further argument on that point.

The only point on which we thought it necessary to hear counsel, was with respect to the form of the decree.

Lounsbery v. Locander.

The complainant and one Charlotte H. Staples, were the owners of a tract of land in the county of Union, known as the Pierson Farm, and containing about fifty acres, which, by a deed bearing date on the 13th of September, 1866, they conveyed to the defendant.

An agreement was entered into between the complainant and the defendant, which bears date on the 16th of April, 1867, whereby, for an adequate consideration, it was agreed that the complainant should have the refusal, for a specified time, of a five acre lot of the Pierson Farm in Cranford, New Jersey, at the bend of the Rahway river, at the rate of two hundred dollars per acre; interest, taxes and expenses added. The agreement is set out in full in the opinion of the Vice-Chancellor.

The prayer of the bill is, that the defendant be decreed to sell and convey the premises unto the complainant "by a good and sufficient deed of conveyance, containing the several full covenants and warranty for the conveying and assuring of a perfect title in fee simple, free from all encumbrances." The decree signed is in conformity with the prayer of the bill.

The inquiry whether this decree is proper in form, is independent of the question as to the nature of the title the complainant has a right to under the agreement for purchase.

In every contract for the sale of lands, an agreement is implied to make good title, unless that liability is expressly excluded. 1 *Sugden on Vendors,* 8 *Am. ed.* 24, [16.] The estate which the purchaser bargained for, whether in fee simple, or for a lesser interest, will be ascertained from the terms of the agreement, or if the agreement be silent in that respect, from the circumstances attending the transaction. For such estate, whatever it be, the purchaser has a right to a good title, unless he has expressly assumed the risk of the title, or agreed to take such title as the vendor is able to give. This right does not grow out of the agreement between the parties, but is given by law, and the purchaser may insist upon it, not because it is stipulated for in the agreement, but on the general right of a purchaser to require it. *Ogilvie* v.

*Foljambe*, 3 *Mer.* 53. The vendor will not, either at law or in equity, be deemed to have complied with his contract, by tendering a conveyance in legal form with such covenants (if any,) as were stipulated for in the agreement, if, in fact, he has not the title which he contracted to sell. *Johnson* v. *Smoch, Coxe* 106 ; *Conover* v. *Tindall, Spencer* 513; *Tindall* v. *Den, Spencer* 214; *S. C.*, 1 *Zab.* 651 ; *Bowen* v. *Vickers*, 1 *Green's Ch. R.* 525 ; *Young* v. *Paul*, 2 *Stockt.* 401. These cases cited from our own reports, establish the law in this state, and are in harmony with the decisions in most of the courts of our sister states. The cases elsewhere will be found by reference to the note to 2 *Sugden on Vendors*, 8 *Am. ed.* 231, [574,] and in *Rawle on Covenants*, 4th *ed.* 40. The opinion of Justice Ford, in *Barrow* v. *Bispham*, 6 *Halst.* 110, seems to incline to a different view. But in that case, as was shown by Chancellor Pennington in *Bowen* v. *Vickers*, the vendee bargained only for a qualified title, and he obtained by the deeds everything he contracted for.

The estate the complainant was to have, in case he accepted the option to purchase, is not mentioned in the agreement. As a general rule, an agreement to convey means a conveyance in fee, unless it appears that the parties intended to contract on the basis of a lesser estate. *New Barbadoes Toll Bridge Co.* v. *Vreeland*, 3 *Green's Ch. R.* 157. A stipulation that a party shall have the privilege of purchasing, is equivalent to an agreement to convey, and will entitle him to a conveyance at least of all the estate the other party had at the time of the contract. *Hawralty* v. *Warren*, 3 *C. E. Green* 124.

This agreement, I am satisfied from the evidence, was part of the original arrangement under which the farm was conveyed to the defendant, and was afterwards put in writing, and dated as of the time when it was actually signed. The title the defendant acquired by the conveyance from the complainant and Mrs. Staples, was in fee, and the price at which he agreed to re-convey the part to the complainant, is at the same rate per acre as he paid for the entire farm when

he purchased it. Taking into consideration the fact that the complainant was one of the grantors of the deed to the defendant, the legal effect of the agreement is that of a contract to re-convey the same title to the premises as the defendant acquired under his deed, free from any charges or encumbrances to which the same may have been subjected while he was owner.

Thus far, the case is clear. The mooted question is, whether a court of equity, in executing a contract to convey, will compel the vendor to enter into any covenants for title, in the absence of a stipulation that the purchaser shall have a conveyance with such covenants. It will be observed by recurring to the principles hereinbefore adverted to, that this question is distinct from that of the kind of title the purchaser may require. If the circumstances show that he bargained for a complete title, he is not compelled to accept an imperfect title, although the vendor offers a conveyance with the most ample covenants for title and of warranty. Is he entitled to covenants, where no defect in the title is disclosed, and where he has not bargained for such indemnity in addition to a conveyance of the land?

Covenants for title are not a necessary part of the conveyance, but are distinct from, and collateral to, the transfer of title. A deed of bargain and sale, in legal form, will operate to effect a complete transfer of the title to the grantee. If covenants be added, they will not enlarge the estate, or pass any greater estate than is expressly conveyed by the granting part of the deed. *Adams* v. *Ross,* 1 *Vroom* 505.

It would follow, as a logical conclusion, from the fact that covenants for title are not essential to the conveyance, that, in a court of law, a deed of bargain and sale, without covenants, would be performance of a contract to convey, in cases where covenants are not stipulated for. *Nixon* v. *Hyserott,* 5 *J. R.* 58; *Van Eps* v. *Schenectady,* 12 *Id.* 436; *Dodd* v. *Seymour,* 21 *Conn.* 476; *Potter* v. *Tuttle,* 22 *Conn.* 512; *Kyle* v. *Kavanagh,* 103 *Mass.* 356. A power of attorney, authorizing an agent to sell and convey, only empowers him

to convey by a deed of bargain and sale, and he cannot bind his principal by covenants of warranty.  *Howe* v. *Harrington*, 3 *C. E. Green* 495.

If a court of equity can require something more than would be esteemed performance in a court of law, the power must be derived from some principle or rule of practice peculiar to that jurisdiction.

The general doctrine in equity is, that a purchaser on a bill for specific performance, filed by the vendor, will not be compelled to accept compensation or indemnity; and on a bill by the purchaser, a vendor will be required to allow compensation, in case he is able to make title for a part but not for the whole, if the purchaser consents to accept part performance with such compensation. But a court of equity will not compel the vendor to give indemnity, except under extraordinary circumstances. In *Young* v. *Paul*, 2 *Stockt.* 401, this court decreed specific performance by a vendor, with indemnity against the inchoate right of dower of his wife, who refused to join in the conveyance. In *Milligan* v. *Cooke*, 16 *Ves.* 1, Lord Eldon also made a decree for indemnity on specific performance. In both these cases the indemnity decreed was not by mere personal security, but by mortgage on real estate. In both cases the power of a court of equity to decree indemnity was regarded as unquestionable. In the former case it was exercised on the ground that the refusal of the wife to unite in the conveyance was continued by the husband to deprive the complainant of the benefit of a specific performance of the contract. In the latter case the vendor could not make the title as perfect as he had covenanted, and indemnity was resorted to as a means of compensation for a contingent encumbrance which clouded the title. These are the only exceptions. In other respects the doctrine of the courts is unyielding, that a covenant of indemnity will not be decreed against a vendor, unless the parties have contracted for it. *Balmanno* v. *Lumley*, 1 *V. & B.* 224; *Aylett* v. *Ashton*, 1 *Mylne & Cr.* 105.

The right of the complainant to indemnity by personal

covenants, cannot be vindicated under either of these exceptions. It has not been suggested that the title the defendant had when the agreement to convey was made, has been in any manner encumbered or impaired. Nor is it alleged in the answer that his wife refuses to join with him in making a perfect title. Unless it is set up in the answer that the wife refused to unite in the conveyance, it is quite a matter of course to decree a conveyance. *Hall* v. *Hardy*, 3 *P. Williams* 187. If, on a reference to a master to report on the title, it shall be found that the title bargained for is imperfect, or that the defendant is incapable of making a proper conveyance, the Chancellor may then decree compensation or indemnity as the circumstances disclosed may demand.

The construction of contracts is the same in courts of equity as in courts of law. In both forums the one party is entitled to have, and the other bound to give, precisely what has been contracted for. The mode of procedure may shape the remedy, but the end to be attained is the same.

To hold that a purchaser shall have a right to usual covenants will involve the execution of contracts of this kind in uncertainty. What are usual covenants is a matter of doubt. Full covenants of warranty are quite as common, if not more so, than qualified covenants extending only to the acts of the grantor. And, if it be said that covenants of some kind are generally inserted in deeds of conveyance, it may also be said that it is quite as common practice to specify in the agreement that covenants, and what covenants, shall be given. If the purchaser desires to be protected by covenants it is easy to stipulate for them, and it is better to leave the subject as a matter of contract between the parties.

A decree for a conveyance by a deed of bargain and sale will give to the complainant all he contracted for, after the title has been ascertained to be such as was bargained for. To add thereto covenants not stipulated for, which are not necessary to effect a transfer of the estate, will give him what his agreement calls for, and something beyond.

The decree is more comprehensive in terms than is war-

ranted by the agreement, and should be varied in that respect. To amend it in form, a reversal is necessary. As the objection is formal, and probably, under the circumstances of this case, purely technical, the reversal should be without costs.

The whole court concurred.