CONSTANT DORDONI, PLAINTIFF AND APPELLEE, v. THOMAS HUGHES, DEFENDANT AND APPELLANT.

Submitted July 5, 1912—Decided December 16, 1912.

1. Facts found by the District Court will be presumed to rest on competent proof when nothing appears to the contrary.
2. The Supreme Court will not reverse a judgment that is based upon a conclusion of the District Court upon a mixed question of law and fact, if the conclusion is legally inferable from the facts proven.
3. In the absence of any provision in the contract fixing a place for delivery, the general rule is that delivery shall be made at the place of business of the seller. But this rule may be modified by the understanding of the parties that delivery shall be made at the place of business of the buyer.
4. Where the evidence disclosed that the contract for sale of a truck did not fix a place for delivery, and also tended to show that the seller attempted to deliver it at the place of business of the buyer, who refused to receive it because of its imperfect condition, and the seller, conceding that it did not comply with the contract, promised to perfect it, and for that purpose took it to his garage, it cannot be said as a matter of law that the finding of the trial judge that the place of delivery was at the buyer's place of business was not a reasonable inference from the evidence.
5. Where a contract calls for payment of the purchase price when delivery of the article sold is tendered at a certain place, tender of the price will be excused when the seller has refused to tender the article at the place designated or at any other place.
6. Where the contract called for the delivery of a truck at the buyer's place of business "at once," and the evidence tended to show that, after the seller had attempted to there deliver an imperfect truck, he promised to perfect it, and, for that purpose took it to his garage where he kept it seven weeks, and then sold it elsewhere without tendering delivery to the original buyer, the inference is permissible that the seller in effect refused to perform his contract and that tender of the balance of the purchase price was excused.
7. If the language of a contract is ambiguous with respect to the identity of the article sold, the intention of the parties may be ascertained by the construction which the parties themselves have put upon it.

On appeal from the District Court of the city of Paterson.

Before Justices TRENCHARD, PARKER and MINTURN.

For the appellant, *Charles F. Lynch.*

For the appellee, *Jacob Veenstra, Jr.*

The opinion of the court was delivered by

TRENCHARD, J. This is the defendant's appeal from a judgment for the plaintiff rendered by the judge of the District Court sitting without a jury.

The suit was brought to recover a deposit paid on account of the purchase of an automobile truck.

The contract of purchase was in writing and called for "one Model 2 A. truck panel body, to be delivered at once, barring delay in transportation, or other causes beyond our control."

One hundred and fifty dollars was acknowledged to have been received on account of the purchase price, and the contract called for the payment of the "balance when delivery of car is tendered."

At the conclusion of the trial, the judge considered that the plaintiff was justified in rescinding the contract because of the failure of the defendant to deliver the truck, and so gave judgment for the plaintiff for the amount of the money advanced by him.

Several of the reasons for reversal may be considered together. They are those which challenge the finding of the trial judge that "the place of delivery of the truck contracted for was to be the place of business of the plaintiff in Paterson."

In the first place, it may be answered that a fact found by the District Court is presumed to rest on competent proof when nothing appears to the contrary. *Home Coupon Exchange Co.* v. *Goldfarb*, 49 *Vroom* 146. And since all the evidence is not returned to this court, but only abstracts from it, it is for that reason impossible for us to say that the finding was not properly reached from the facts proven.

In the next place, it may be said that such evidence as is returned justify the finding. This court will not reverse a judgment that. is based upon a conclusion of the District Court upon a mixed question of law and fact, if the conclusion is legally inferable from the facts proven. *Burr.* v. *Adams Ex-*

*press Co.,* 42 *Vroom* 264. We think this is such a case. The contract did not designate the place of delivery. In such case, while the general rule is that delivery shall be made at the place of business of the seller, yet this rule may be modified by the understanding of the parties that delivery shall be made at the place of business of the buyer. *Field* v. *Runk,* 2 *Zab.* 525; *Sales of Goods act, Comp. Stat.,* p. 4657, § 43.

The record discloses that the evidence upon the part of the plaintiff tended to show that some time after the contract was executed the defendant attempted to deliver a truck to the plaintiff at the plaintiff's place of business in Paterson, who refused it because of its imperfect and unfinished condition, and that the defendant, conceding that it did not comply with the contract, promised to perfect it, and for that purpose took it to his garage. We cannot say, as a matter of law, that the finding of the trial judge that the place of delivery was at the buyer's place of business was not a reasonable inference from the evidence. *Field* v. *Runk, supra.*

Nor is there any merit in the objection "that the evidence does not show that the plaintiff at any time offered to pay to the defendant the balance of the purchase price of the truck, or that the defendant refused at any time to deliver the truck upon tender of the balance of the purchase price."

Where a contract calls for payment of the purchase price when delivery of the article sold is tendered at a certain place, tender of the price will be excused when the seller has refused to tender the article at the place designated or at any other place. 35 *Cyc.* 272, 273.

The evidence upon the part of the plaintiff tended to show that, after the attempted delivery of the imperfect truck, the defendant promised to perfect it, and, for that purpose, took it to his garage where he kept it seven weeks, and then sold it elsewhere without tendering delivery to the plaintiff. Such evidence justified the trial judge in concluding that the defendant had in effect refused to perform his contract and that tender of the balance of the purchase price was excused. Possibly, the defendant might have fulfilled his contract by reasonably tendering another truck of the same type in perfect

condition (*Parsons* v. *Woodward, 2 Zab.* 196), but that he did not do. According to the plaintiff's testimony he made no tender at all. The language of the contract was ambiguous with respect to the identity of the truck to be delivered. In such case the intention of the parties may be ascertained by the construction which the parties themselves have put upon it. *35 Cyc.* 99. And we think that the negotiations between the parties to this contract, based on the particular individual truck, reasonably justified the inference of a construction by them that the particular individual truck was meant.

These conclusions completely answer every other reason urged for reversal.

The judgment will be affirmed, with costs.