AUTO BROKERAGE COMPANY, APPELLANT, v. AMELIA F. ULLRICH, RESPONDENT.

Submitted October 29, 1925—Decided February 1, 1926.

If the defendant was deceived by her vendor into executing a written contract other than that to which she verbally agreed, it was her right, upon discovering and realizing the deception, to rescind the contract and reclaim the money advanced; and whether she was justified under the facts in rescinding and thereby restoring herself and her vendor to the *status quo* was a question for the jury.

---

On appeal from the Hudson Circuit Court.

For the appellant, *Melosh, Morten & Melosh* (*Harry Green,* of counsel).

For the respondent, *Charles E. S. Simpson.*

The opinion of the court was delivered by

MINTURN, J. Having discovered shortly after her purchase of an automobile truck from the New York Commercial Vehicle Company, Inc., that the truck was not as represented, the defendant, through her attorney, notified the vendor of the fact, and requested it to send for the truck and to refund her the money paid on account of the purchase price. After the purchase of the truck the vendor assigned its conditional sale agreement or contract of purchase to the plaintiff, which brings this suit in replevin to recover possession of the truck for failure of the defendant to make the necessary contract payments, and defendant refuses to surrender the vehicle until she shall have received repayment of the money advanced at the time of sale. The question, therefore, presented to the trial court and jury was whether the defendant was imposed upon by the vendor to accept the car as the vehicle for which she contracted, thus presenting in essence an issue of fraud.

She alleges that she desired and arranged to purchase a truck of the 1921 model; that the conditional sale agreement which she executed contained a blank as to the yearly model to be supplied, which, without her knowledge or consent, was filled in by the vendor, evincing that instead of the model for which she contracted she was to receive a model of the earlier year, which fact, when she discovered it, resulted in her disavowing the purchase and rescinding the contract. Upon that state of facts, contested by the plaintiff and its assignor, the case went to the jury, notwithstanding the plaintiff's request that the trial court direct a verdict for the plaintiff, and the court's refusal to comply with which request presents upon this appeal the sole ground for the reversal of a verdict rendered for the defendant.

The question presented, obviously, was one of fact. If the defendant was deceived by her vendor into executing a writ-

ten contract other than that to which she verbally agreed, manifestly it was her right, upon discovering and realizing the deception, to rescind the contract and reclaim the money advanced. *Kyle* v. *Kavanaugh,* 103 *Mass.* 356.

That procedure she, in fact, adopted, and whether she was justified under the facts in rescinding and thereby restoring herself and her vendor to the *status quo* was a question for the jury, and was properly left to them by the learned trial court.

Replevin is, essentially, a possessory action, and cannot be utilized to enforce a mere contractual duty. Defendant's right, therefore, to rescind and to hold the car until the vendor had restored her to the *status quo,* has long been settled in this form of action by repeated adjudications, based upon early rules of substantive and procedural law. Judge Coleridge in *Mennie* v. *Blake,* 6 *E. & B.* 843; *Portland Bank* v. *Stubbs,* 6 *Mass.* 422; *Gardner* v. *Campbell* (*N. Y.*), 15 *Johns.* 401; *Harwood* v. *Smethurst,* 29 *N. J. L.* 195.

The judgment will be affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, LLOYD, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, JJ.   12.

*For reversal*—KATZENBACH, CAMPBELL, GARDNER, HETFIELD, JJ.   4.