ARTHUR J. BANTIN, PLAINTIFF-APPELLEE, v. STANLEY AUTOMOBILE AGENCY, DEFENDANT-APPELLANT.

Argued October term, 1925—Decided March 18, 1926.

**Contracts—Sale of Motor Vehicle—Vendee Afterward Found Model was Not of the Year Represented, and Rescinded, Demanding Return of the Purchase Price—Testimony Admissible for Purpose of Showing What Contract was—Judgment for Plaintiff Affirmed.**

On appeal from the Essex Circuit Court.

Before Justices PARKER, MINTURN and BLACK.

For the defendant-appellant, *Jacob Lubetkin.*

For the plaintiff-appellee, *Dalrymple & Campbell.*

PER CURIAM.

This action was tried in the Essex County Circuit Court, with a jury, and a verdict for $675 was rendered in favor of the plaintiff.

The plaintiff entered into a contract to purchase from defendant a second-hand Stanley automobile; a car was later delivered to plaintiff, together with a bill of sale, dated March 29th, 1923, and describing the car as "one Stanley, seven-passenger touring, 728 model, serial 16446, manufacturer's No. 1584."

Plaintiff alleges that defendant's agent fraudulently misrepresented the model to be 1918, whereas, in fact, it was 1917. Plaintiff discovered the fraud in October, 1924, whereupon he rescinded the contract, offered to return car, and brought this action to recover the purchase price of $675.

In a similar case (*Crowley* v. *Homan Co., 3 N. J. Mis. R.* 970), in the May term, this court held parol evidence inadmissible to vary the contract; but no objection to parol evidence was made below, nor is this objection pressed here.

The question, however, is fully considered in Auto Brokerage Co. *v.* Ullrich, by the Court of Errors and Appeals, in the present term, where it is held that the testimony is admissible for the purpose of showing that the contract was, in fact, other than that sued upon.

The defendant's single ground of appeal is the court's refusal to grant a nonsuit, because (1) there is no proof of a misrepresentation of a material fact; (2) the plaintiff did not rely upon the misrepresentation, and (3) the plaintiff is guilty of laches in not discovering the fraud within a reasonable time.

We think there was evidence *pro* and *con* before the court and jury upon these various contentions, and under the circumstances they presented a jury question.

The judgment will therefore be affirmed.