The bill of the complainants set forth a breach by the defendants of a written contract to convey and prays for the return of the deposit and expenses.
The clause in the contract which is in dispute is as follows:
"Conveyance shall be made subject to reservation in deed book 178, page 358, it being understood, however, that same does not make the title to the premises hereinto conveyed unmarketable and is not considered an encumbrance against the said premises."
The reservation mentioned is —
"Excepting and reserving, however, all water rights and privileges, mill rights and privileges, with the right of using and keeping in repair all raceways, either tail race or other race, with the right of maintaining and keeping in repair the dam at the pond supplying said race, the right of maintaining said pond with the right of pondage and flowage of every nature, name and kind whatsoever, which have ever been enjoyed by the owners of said land above conveyed or appertained *Page 507 
thereto by virtue of any grant, deed or conveyance, or which may belong to said Robert J. Coghlan in the township of Springfield, and being the same water privileges, and so forth, described in a deed from R.J. Coghlan and wife to Frederick Crane, dated November 14th, 1885."
Two points are made by counsel for the complainant —
First. The vendee in an executory contract to convey lands may rescind the contract for the failure of the vendor to tender a marketable title, and
Second. The title to the premises in question is doubtful and unmarketable.
The first proposition is undoubtedly true as a general rule, where it is agreed to convey good title, or where, by implication, the intention to so convey is presumed. But here we are dealing with a different situation. The contract specifically states that the conveyance shall be made subject to the reservation, and, as it is signed by both parties, the complainant must have known of the reservation and must have agreed to accept title subject to it.
In 3 Pom. Spec. Perf. (1926) p. 516 § 201 note, it is stated "that the purchaser, in the absence of stipulations tothe contrary, cannot be forced to accept a title unless it is marketable. See the following cases," citing numerous decisions.
From this it follows that if it appear that there are
stipulations to the contrary, the purchaser can be compelled to accept a title encumbered as stipulated in the agreement of sale.
In the case of Bowen v. Vickers et al., 2 N.J. Eq. 520,
Chancellor Pennington said (at p. 526):
"The true rule in this court on this subject is well expressed by Chancellor Walworth in Bates v. Delevan, 5 Paige 307. He says: `As a general rule a court of equity will not decree the specific performance of a contract of sale, if the vendor cannot make a good title, although the contract has made no provision as to covenants of warranty to be inserted in the conveyance. An exception, however, to the rule exists where by the contract of sale the vendee expressly assumes the risk as to the title or agrees to take such a title as the vendor is able to give.'" *Page 508 
In Lounsberry v. Locander, 25 N.J. Eq. 554, the court of errors and appeals held (at p. 556): "In every contract for the sale of lands an agreement is implied to make good title unless that liability is expressly excluded. 1 Sugd. Vend., 8th Am. Ed.24 (16). The estate which the purchaser bargained for, whether in fee-simple or for a lesser interest, will be ascertained from the terms of the agreement, or if the agreement be silent in that respect, from the circumstances attending the transaction. For such estate, whatever it be, the purchaser has a right to good title, unless he has expressly assumed the risk of the title, or agreed to take such title as the vendor is able to give." And (atp. 577): "As a rule an agreement to convey means the conveyance in fee unless it appears the parties intended to contract on thebasis of a lesser estate."
In Newark Savings Institution v. David Jones, Ex. 37 N.J. Eq. 449
(affirmed on the opinion below, 38 N.J. Eq. 299), the court went a step further and held: "Where an agreement for the sale of lands does not mention the character of the title to be given, an implication ordinarily arises that the title to be conveyed is to be a good one, free from encumbrances. But such implication may be rebutted by parol proof of the vendee's notice of the existence of encumbrances on the lands at the time of the agreement."
The main question discussed in this case was whether under the contract the defendants were entitled to a title clear of an encumbrance of taxes and assessments. Nothing was said relative thereto in the agreement. The court, however, admitted testimony to prove that it was understood that the property was to be taken subject to the liens, and compelled the purchaser to pay the full consideration and assume the liens. This case is cited in Behr
v. Hurwitz, 90 N.J. Eq. 110 (at p. 117). But in the case at bar it is not necessary to resort to parol evidence. The agreement specifically states that "conveyance shall be made subject to reservation," c.
We then come to the final paragraph of the clause which reads: "It being understood, however, that same does not make the title unmarketable and is not considered an encumbrance against the said premises." *Page 509 
Complainants' contention appears to be that it means that if they or their advisers decide on further consideration that the reservation makes the title unmarketable, then they can rescind the contract. In other words, if they decide to take title, defendant must convey, but if they decide they do not want it, they do not have to take it.
To so decide would, it seems to me, be tantamount to holding that there was in the contract no mutuality of obligation, which the courts hold to be essential in cases of this character. TenEyck v. Manning, 52 N.J. Eq. 47.
Again, the paragraph says "and is not considered an encumbrance against the said premises." Considered by whom? Surely not by some specific arbiter or he would have been designated. Just as surely not by complainants and their advisers, because then the whole clause is meaningless. If the encumbrance mentioned in the reservation makes the title unmarketable, then there was no need whatever for the reservation. This is so because, if there had been no clause in the contract providing that the vendee should take subject to the reservation, then under the cases the vendee would not have been obliged to take, because the duty to convey a good title would be presumed.
It is obvious that the parties intended this clause to mean something, and it is the duty of the court to construe it in such a manner, after considering the whole clause as to reach a reasonable conclusion.
The parties knew of the so-called encumbrance, and agreed specifically to take subject to it. The paragraph that follows means, clearly, I think, in plain English, that they knew about the encumbrance, agreed to take subject to it, and further agreed mutually that it did not constitute a defect affecting the marketability of the title, and that for the mentioned consideration complainants would take subject to it.
Having arrived at these conclusions, it is unnecessary to discuss the second point raised by complainants' counsel, viz., whether or not the encumbrance mentioned in the reservation is in reality an encumbrance.
 I will advise a decree dismissing the bill. *Page 510