JACOB WEISS, PLAINTIFF-RESPONDENT, v. NATHAN GROSS, DEFENDANT-APPELLANT.

Submitted May 14, 1932—Decided January 17, 1933.

Before Justices TRENCHARD, CASE and BROGAN.

For the appellant, *Dubrow & Sellyei.*

For the respondent, *David S. Jacoby* and *Emil Stremlau.*

PER CURIAM.

This is an appeal by the defendant below from a judgment of the District Court of New Brunswick in favor of the plaintiff rendered by the trial judge sitting without a jury.

The plaintiff sued for the recovery of a deposit paid by plaintiff to defendant on a written agreement for the purchase and sale of an automobile which was not delivered (first count) and upon an agreement to rescind the agreement of sale and return the deposit (second count).

The plaintiff admitted the making of the agreement for purchase, dated May 23d, 1929, which called for the delivery of a 6-80 Stearns Knight-Maroon automobile, year of make 1929. Upon the trial plaintiff introduced evidence that defendant had represented the automobile to be delivered to be a new car of the above model and not a second-hand one; that the automobile which the defendant tendered for delivery was a second-hand automobile, and that upon plaintiff's objection the defendant agreed to rescind the contract and to return the deposit money, which was not done.

We think the court did not err (as defendant contends) in permitting plaintiff to answer the question as to whether he

was to get a new or second-hand car. The agreement contained nothing as to the condition of the automobile to be delivered, and it was therefore in this respect ambiguous. The language was applicable to a new or a used car. *Dordoni* v. *Hughes,* 83 *N. J. L.* 355; 85 *Atl. Rep.* 353; *Auto Brokerage Co.* v. *Ullrich,* 102 *N. J. L.* 341; 131 *Atl. Rep.* 901; *Bantin* v. *Stanley Automobile Agency,* 4 *N. J. Mis. R.* 325; 132 *Atl. Rep.* 500; *Winfield* v. *Saunders,* 6 *N. J. Mis. R.* 833; 142 *Atl. Rep.* 907.

We think there was evidence upon which the court could and did find for the plaintiff.

The judgment will be affirmed, with costs.