PETTINGELL ANDREWS COMPANY *vs.* WILLIAM F. SCHRAFFT
& another.

Suffolk.    March 25, 1913. — May 21, 1913.

Present: RUGG, C. J., MORTON, LORING, SHELDON, & DE COURCY, JJ.

*Contract*, Construction.    *Order.*

In an action for the price of certain electrical supplies, it appeared that the plaintiff,
being asked by a contractor, who was doing electrical work in a factory of the
defendant, to furnish the supplies therefor, wrote a letter to the defendant stat-
ing that fact and that the contractor had said that the defendant would pay the
plaintiff for the supplies on completion of the work on receipt of an order from
the contractor, and expressing the hope that that would meet with the de-
fendant's approval.    The defendant wrote at the bottom of the letter, "Will do
as above on receipt of an order from" the contractor, and returned the letter to the
plaintiff.    The contractor wrote on the letter, below the defendant's signature,
"We agree to above" and signed it.    The materials were furnished, the work was
completed and the contractor was paid in full and absconded.    *Held,* that the
words "We agree to above" did not constitute the "order," upon receipt of
which the defendant promised to pay the plaintiff.

While documents drawn up by business men in the midst of the press of business
affairs should not be construed too strictly, some meaning must be given to the
language used, and, in the absence of anything tending to show that words
employed are used in a different sense, their common and natural meaning must
be given to them.

CONTRACT for electrical supplies furnished for a building of
the defendants under the circumstances stated in the opinion.
Writ dated March 9, 1899.

The case was referred to Henry S. Dewey, Esquire, as auditor.
In the Superior Court it was tried before *Raymond, J.* The mate-
rial facts are stated in the opinion.    A verdict was ordered for the
plaintiff in the sum of $497.46;  and the defendants alleged
exceptions.

The case was submitted on briefs.

*R. H. O. Schulz,* for the defendants.

*E. R. Anderson, G. A. Sweetser & T. L. Wiles,* for the plaintiff.

MORTON, J.  The defendants were having certain alterations
and repairs made in a factory building occupied by them in Boston,
and in connection therewith had employed a firm of electrical

contractors by the name of Millett and Miles, to put in an electric lighting equipment. Millett and Miles ordered supplies for the same of the plaintiff. The plaintiff wrote a letter to the defendants saying in substance that Millett and Miles had ordered from it supplies for the electric wiring which they were doing in the defendants' factory; that it had no account with Millett and Miles; that Millett and Miles informed it that the defendants would pay it for the same on completion of the work, on receipt of an order from Millett and Miles, and expressing the hope that that would meet the defendants' approval. The defendants wrote at the bottom of this letter the following, and signed it: "Will do as above on receipt of an order from Millett & Miles." Millett and Miles wrote underneath this "We agree to above," and signed it and returned the letter to the plaintiff with these indorsements upon it. So far as appears the defendants had no knowledge of the indorsement made by Millett and Miles on the letter until several months after Millett and Miles had finished their work and been paid in full. Immediately after the completion of the work Millett and Miles absconded. The plaintiff made diligent efforts to find Millett and Miles to procure an order from them, but were unsuccessful, and no order has been obtained from them unless their indorsement on the plaintiff's letter to the defendants above referred to constituted such order.

The case was sent to an auditor and he in effect ruled that what Millett and Miles had written did constitute such order and that its subsequent presentation to the defendants by the plaintiff constituted a "receipt of an order from Millett & Miles" within the meaning of the words written and signed by the defendants. At the trial the plaintiff introduced the auditor's report and rested. The defendants introduced no evidence and asked the judge to rule that on all the evidence the plaintiff was not entitled to recover and to direct a verdict for the defendants. Other rulings were asked for by the defendants to the effect that they were not liable unless the plaintiff procured and presented to them an order from Millett and Miles, and that no such order had been procured and presented. The judge refused to give the rulings requested and the defendants excepted. Thereupon, by agreement of parties, a verdict was directed for the plaintiff subject to the defendants' exceptions, for the amount found due by the auditor.

We think that the rulings requested should have been given. The question before us relates to the construction of a written instrument and as such is for the court. The letter of the plaintiff to the defendants and the indorsement by the defendants thereon and that of Millett and Miles are all to be taken together. It is plain, and we understand the plaintiff in effect to so admit, that the defendants agreed to pay only on receipt of an order from Millett and Miles, and we do not see how the indorsement by Millett and Miles, "We agree to above," can be construed as an order. By "above" is obviously meant the statement in the letter of the plaintiff to the defendants that it had been informed by Millett and Miles that the defendants would "pay for the same [the supplies] when the work is completed, on receipt of an order from them [Millett and Miles]," and the indorsement by the defendants that "on receipt of an order from Millett & Miles" they will do as in effect requested by the plaintiff. That is, the defendants agree in substance and effect that on receipt of an order from Millett and Miles they will pay the plaintiff, and Millett and Miles agree that on receipt of an order from them they may do so. This, it seems to us, is what, according to its natural construction, the language used means, and, if it is, then it is plain that Millett and Miles could not have understood or intended the indorsement made by them as an order. And the subsequent conduct of the plaintiff in endeavoring to find Millett and Miles to procure an order from them tends to show that they also did not at the time understand that what Millett and Miles had written and signed was the order called for. While documents drawn up by business men amidst the press of business affairs should not be construed too strictly, some meaning must be given to the language used and in the absence of anything tending to show that the words employed were used in a different sense the common and natural meaning must be given to them.

As the view which we have taken of the effect of the indorsement by Millett and Miles is decisive against the right of the plaintiff to recover, it is not necessary to consider whether, as argued by the defendants, they would have been entitled to notice from the plaintiff in case it had procured an order from Millett and Miles.

*Exceptions sustained.*