## RELIABLE WASTE COMPANY *vs.* WATERHEAD MILLS, INC.

Middlesex.    March 15, 1921. — May 27, 1921.

Present: RUGG, C. J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Contract*, Construction, Performance and breach. *Evidence*, Materiality.

A corporation which manufactured cotton goods made to one engaged in the business of buying and selling cotton waste an offer in writing as follows: " Unless something unforeseen at the present time should materially alter conditions, we will continue to sell you under last year's prices [specifying them] . . . If this arrangement is satisfactory to you, we would appreciate it if you would advise us so, by letter, at once." The dealer replied as follows: " The arrangements . . . are satisfactory." The manufacturer performed the contract for a time and then refused further to perform solely because one who had been an associate of the dealer had severed his connection with the dealer and the manufacturer preferred to sell the waste to him. In an action by the dealer for breach of the contract, it was *held*, that

(1) Upon the acceptance by the plaintiff of the defendant's proposal, a contract in writing was made;

(2) The letters were not ambiguous, and the construction of the contract was for the judge and not for the jury;

(3) The retirement of the plaintiff's associate from his business was not a "something unforeseen at the present time" which "should materially alter conditions," within the language of the defendant's proposal, and did not warrant the discontinuance of the contract by the defendant.

At the trial of the action above described, evidence relating to the making and complete performance of a similar contract the preceding year was not admissible.

CONTRACT for breach of the agreement made by letters described in the opinion.   Writ dated April 17, 1920.

In the Superior Court, the action was tried before *Bishop, J.* Material evidence is described in the opinion.   At the close of the plaintiff's evidence, the defendant rested and the plaintiff moved that a verdict be ordered for it.   The motion was denied.   A motion by the defendant for a verdict in its favor was allowed and the verdict was ordered.   The plaintiff alleged exceptions.

*A. S. Howard,* for the plaintiff.

*J. C. Reilly,* for the defendant.

BRALEY, J.   The defendant, a manufacturer of cotton corduroys, wrote on December 30, 1919, to the plaintiff, engaged in the business of buying and selling cotton waste, the following letter: "The Reliable Waste Co., 88 Fletcher Street, Lowell, Mass. — Gentlemen: During the past year, the dealings we have had with you have in every way been satisfactory.   Therefore, we have decided that it will best serve our purpose for the coming year to let you have our waste products.   Unless something unforeseen at the present time should materially alter conditions, we will continue to sell you under last year's prices, which are as follows: White Lint 4¢ Per lb.; Colored Lint 3¢ Per lb.; Sweepings 1¢ Per lb., Tab ends 2½¢ Per lb.; Burlap 8¢ Per lb.; Rags 4¢ Per lb.   If this arrangement is satisfactory to you, we would appreciate it if you would advise us so, by letter, at once.   Very truly yours, Waterhead Mills, Inc.   L. A. Secor."

To which on December 31, 1919, the plaintiff sent this reply: "Waterhead Mills, Inc.   Lawrence St., Lowell Mass. — Gentlemen: We received your letter dated Dec. 30th and contents noted.   The arrangements made in same, concerning the waste are satisfactory to us and for which we thank you.   Very truly yours, Reliable Waste Co."

" A proposal made by one party . . . acceded to by the other in some kind of language mutually intelligible . . . is mutual assent,"

and the letters constituted a contract between the parties. *Metropolitan Coal Co.* v. *Boutell Transportation & Towing Co.* 185 Mass. 391, 395. *Henchey* v. *Rathbun,* 224 Mass. 209.

The defendant delivered its waste products to the plaintiff during the months of January and February, 1920, at the prices scheduled, when it refused to make further deliveries, solely on the grounds as the jury could find, that one Abrahams, a former secretary of the plaintiff having severed his connection with the company and sold his stock, the defendant preferred thereafter to sell to him at the same prices rather than to the plaintiff.

While it does not appear whether the sales were to be for cash or on credit, there is no evidence that the plaintiff had become insolvent or unable to meet maturing demands, or that it had neglected to pay for goods as delivered. The sole defence is that its refusal is within the option of cancellation, because "something unforeseen" had occurred materially altering "conditions." It is settled that where the contract of sale is in writing and the attendant circumstances are not in dispute, the construction of the contract is for the court and not for the jury. *Freeman* v. *Hedrington,* 204 Mass. 238. *Randall* v. *Thornton,* 43 Maine, 226. *Ledon* v. *Havemeyer,* 121 N. Y. 179. The words relied on are found only in the clause relating to prices, and should be read with the context, which is the price list. *Pettingell Andrews Co.* v. *Schrafft,* 214 Mass. 469, 471. The unforeseen conditions refer to the defendant's own affairs, and not to the continuance in office of the plaintiff's secretary. If during the year market conditions so changed that a new schedule of prices became necessary, or the defendant would suffer loss, the right of cancellation is reserved. It is plain that the retirement of Abrahams did not alter the terms of a contract to which he was not a party, any more than if the plaintiff's stockholders had subsequently elected a new board of directors, an event equally unforseeable, but which would confer no right of cancellation.

The defendant's refusal of further performance was therefore a breach entitling the plaintiff to damages, and a verdict for the defendant should not have been ordered. *Gilman* v. *Dwight,* 13 Gray, 356. *Orbach* v. *Paramount Pictures Corp.* 233 Mass. 281, 286.

The contract for the year 1919 was an unconditional agreement

entirely independent of the contract in issue, and the letters show-
ing it were rightly excluded, as well as evidence that it had been
fully performed.

*Exceptions sustained.*