EZRA N. REDDEN *vs.* W. S. RAMSEY & others.

Suffolk.    April 11, 1941. — May 28, 1941.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & COX, JJ.

*Voluntary Association. Practice, Civil,* Case stated, Requests, rulings and instructions.

An action in a District Court heard on an agreed statement of facts was a case stated, and requests for rulings had no standing.

A by-law of a voluntary association of employees of a railroad corporation, formed to assist members when suspended by the corporation, that no benefits should be received by a member suspended for the use of intoxicating liquor, did not apply to bar the recovery of benefits by one suspended for the sole stated reason of absence from duty without authority, although the cause of his absence, not shown to have been known to the corporation, was his arrest and confinement for drunkenness while off duty.

CONTRACT. Writ in the Municipal Court of the City of Boston dated April 24, 1940.

The action was heard by *Donovan, J.*

*W. J. Walsh, Jr.,* for the defendants.

*A. L. Kaplan,* for the plaintiff, submitted a brief.

DOLAN, J. This is an action of contract brought to recover certain benefits provided for in the by-laws of an unincorporated and voluntary association composed of firemen and enginemen employed by a certain railroad company. The defendants are the trustees and officers of the association. The judge heard the case on an agreed statement of facts and found for the defendants. The case now

comes before us on their appeal from the order of the Appellate Division that judgment be entered for the plaintiff against each of the defendants.

The object of the association as set forth in article 2 of its constitution and by-laws is ". . . to assist brother members when suspended . . ." by the company for any reasons except those stated in article 9; and by article 10 payments shall be made at the rate of $4 a day, not exceeding six days a week for a period not to exceed sixty days, payments to be made weekly. Article 9 provides that "No one shall receive benefits who is suspended or discharged for the use of intoxicating liquors or larceny from the Company."

On or about February 10, 1939, the plaintiff was suspended by the "Company" for thirty days for violation of rule # 725 of the "Book of Rules of the Operating Company," which reads as follows: "No employee will be allowed to absent himself from duty without proper authority, nor will any employee be allowed to engage a substitute to perform his duties." The failure of the plaintiff to report for duty, which resulted in his suspension, "was due to the fact that he was arrested for drunkenness, found guilty, and committed to jail therefor, while off duty and not in any manner engaged in the course of his employment or upon the premises of the 'Company.'" The parties stipulated that if the plaintiff was entitled to recover, judgment was to be entered for him against each of the defendants in the sum of $104, together with costs and interest.

At the close of the evidence, the plaintiff filed six requests for rulings which were denied by the judge, who found "that the primary cause of the absence of the plaintiff from duty without proper authority was the use of intoxicating liquor and that his said absence, thus caused, resulted in his suspension from work." The judge ruled that the plaintiff [was] "not entitled to recover" and found for the defendants. As the plaintiff claimed to be aggrieved by the denial of his requests for rulings and by the judge's "finding," the judge reported the case to the Appellate Division for determination.

Since the case was heard upon an agreed statement of facts which "was the only evidence introduced," it was in effect a case stated, and accordingly the requests for rulings had no standing. *Antoun* v. *Commonwealth,* 303 Mass. 80, 81. The only duty of the judge was to order the correct judgment on the agreed facts. *Howland* v. *Stowe,* 290 Mass. 142, 146, and cases cited.

We are of opinion that the judge did not order the correct judgment on the case stated. The constitution and by-laws were the contract between the parties and "are to be interpreted according to the natural meaning of the words used as applied to the state of affairs to which they were intended to relate." *Sullivan* v. *Massachusetts Catholic Order of Foresters,* 302 Mass. 246, 248. *Pettingell Andrews Co.* v. *Schrafft,* 214 Mass. 469, 471. See also *Farber* v. *Mutual Life Ins. Co.* 250 Mass. 250, 253.

The language of those provisions of the parts of the constitution and by-laws that are set forth in the record is free from ambiguity. The terms of article 9 are clear and precise to the effect that no one shall receive benefits who is suspended or discharged "for" the use of intoxicating liquors or larceny from the company. No other infraction of rules of the company, no other misconduct, is defined as a cause for denying benefits. There is nothing in the record to show that the company knew that the plaintiff was absent from duty without authority because of the use of intoxicating liquor, nor is there any rule of the company set forth in the record except that for violation of which he was suspended. But the members of the association, as employees of the railroad company, when framing the constitution and by-laws of the association may be assumed to have been familiar with the rules of the company governing their conduct. The terms of article 9 plainly imply that the use of intoxicating liquor in some circumstance or other, or larceny from the company, would subject offending members to suspension or discharge. Suspension or discharge for absence from duty without authority is not included in article 9 as a bar to benefits. Obviously other kinds of misconduct may be presumed to be causes for sus-

pension or discharge of members of the association by the company. In specifying but the two causes, as those where benefits cannot be had, it may be presumed that in their experience the framers of article 9 had reason to look upon those as so serious in character, as distinguished from others, as to call for the imposition of the bar to benefits if a suspension or discharge resulted from either of them. The plaintiff, however, was suspended by the company not for the use of intoxicating liquor, but for absence from duty without authority in violation of a specific rule of the company, which makes no reference to the use of intoxicating liquor. We think that the defendants are limited by article 9 in the denial of benefits to those cases only where the suspension or discharge is defined by the company to be for either of the causes therein described, and that they cannot deny relief to the plaintiff on the ground that the cause for which he was suspended was induced by another cause, which is not shown to have influenced the action of the company in suspending him.

*Order of Appellate Division affirmed.*