THE EPDEE CORPORATION *vs.* SAMUEL RICHMOND & another.

Worcester. September 22, 1947. — October 31, 1947.

Present: QUA, C.J., LUMMUS, DOLAN, RONAN, & WILKINS, JJ.

*Frauds, Statute of. Contract,* For sale of real estate. *Equity Jurisdiction,* Specific performance. *Equity Pleading and Practice,* Decree.

A memorandum which correctly stated all the terms of an oral contract for sale of real estate was not insufficient to satisfy the statute of frauds, G. L. (Ter. Ed.) c. 259, § 1, Fourth, by reason of the omission from the memorandum of provision for certain details often provided for in such contracts but not provided for in the oral contract in question.

An oral contract for sale of real estate, sufficiently evidenced by a memorandum signed by the prospective seller, was enforceable specifically in a suit in equity by the prospective purchaser where the contract correctly identified the parties and the real estate and fixed the price, although it did not make provision for the type of deed to be given, whether warranty or quitclaim, or for apportionment of taxes, water rates, insurance premiums and the like, or with respect to restrictions, easements, possible leases or the prospective purchaser's assuming an existing mortgage.

It was not necessary to include, in a final decree to be entered after rescript from this court granting a plaintiff in a suit in equity relief by ordering specific performance of a contract for sale of real estate, a provision for continued occupancy of the premises by the defendant to conform to a provision of the contract that, if the defendant could not find other quarters, he should be allowed to occupy the premises at a rental "for a reasonable length of time," where it appeared

that, by the time of entry of the decree after rescript, the defendant would have remained in possession of the premises for at least fourteen months after the date fixed in the contract for conveyance.

It was improper to include, in a final decree for the plaintiff in a suit in equity for specific performance of a contract for sale of real estate, a requirement that conveyance should be made by a warranty deed where the contract made no provision as to the kind of deed to be given.

BILL IN EQUITY, filed in the Superior Court on December 19, 1946.

The case was heard by *O'Brien*, J.

In this court the case was submitted on briefs.

*Nicholas Fusaro, Nunziato Fusaro, & J. Y. Young*, for the defendants.

*J. W. Ceaty & L. Seder*, for the plaintiff.

QUA, C.J. The defendants appeal from a final decree granting to the plaintiff specific performance of an oral contract to convey to the plaintiff land and buildings on Einhorn Road in Worcester, including an oil burner and kitchen range. The evidence is reported.

On January 9, 1946, the defendants signed and delivered to an agent of the plaintiff a memorandum in writing wherein they stated that they agreed to sell to the plaintiff "the premises at 28 Einhorn Road including oil burner and kitchen range for $12,500 under the following conditions . . . ." The conditions stated were, in substance, that the plaintiff should have title and possession by September 1, 1946; that if the defendants could not find other quarters, they be allowed to occupy the first floor at $50 a month rent "for a reasonable length of time"; and that if a commission should be "charged" the deal would be "off."

At the hearing in the Superior Court the defendants' principal contention seems to have been that by the true terms of the oral agreement the plaintiff was to assume a mortgage of $6,000 already on the property and to pay $12,500 in addition. This would make the total purchase price $18,500. The trial judge on ample evidence found against this contention. He also justifiably found that the plaintiff was able, willing, and ready to perform its obligation under the contract, but was prevented from doing so

by the defendants' refusal to perform, and that no commission has been "charged" and no one intends to charge any.

The defendants' principal contention before us is that the memorandum is insufficient to satisfy the statute of frauds, G. L. (Ter. Ed.) c. 259, § 1, Fourth, in that it says nothing about the type of deed to be given, whether warranty or quitclaim, nothing with reference to apportionment of taxes, water rates, insurance, and the like, nothing with reference to restrictions or easements or possible leases, and nothing as to whether the plaintiff was to assume the existing mortgage. The simple answer to this contention is that although these and many other matters might have been the subject of express agreement at the time of the making of the oral contract, it does not appear that any of them was. The reasonable inference from the evidence is that the oral agreement was correctly stated in the memorandum and included nothing not stated or necessarily implied therein. A memorandum will satisfy the statute if, but only if, it correctly states the oral undertaking of the party sought to be charged. *Hayes* v. *Jackson*, 159 Mass. 451. *Bogigian* v. *Booklovers Library*, 193 Mass. 444, 447. *Forman* v. *Gadouas*, 247 Mass. 207, 212–214. *Fichera* v. *Lawrence*, 312 Mass. 287, 289. *Taylor* v. *Haverhill*, 316 Mass. 380, 382–383. *Frost* v. *Kendall*, 320 Mass. 623, 625. G. L. (Ter. Ed.) c. 259, § 2. That requirement was met in this case.

The effectiveness of a contract for the sale and purchase of real estate is not impaired by the absence of the elaborate stipulations often found in such contracts providing for the kind of deed to be given, the division of charges against the property, the disposition of mortgages and other encumbrances, and similar matters. A simple agreement to sell and to buy is enough if it identifies the parties and the land and fixes the price. Such an agreement is commonly interpreted to require the conveyance of a good title free of encumbrances upon payment of the price in cash within a reasonable time. The price need not always be expressly stated. *Shayeb* v. *Holland*, *ante*, 429, 430–431, and cases cited, 432–433.

·No contention seems to be made, and none could be made, that the description of the land in the memorandum was inadequate. The land was a corner lot in a city, and the defendants owned no other property in that city. *Cousbelis* v. *Alexander*, 315 Mass. 729, 731.

The defendants contend that some provision should have been made in the final decree for their continued occupancy of the first floor of the premises "for a reasonable length of time." This contention requires no extended discussion. By the time the decree after rescript is entered the defendants will have remained in possession at least fourteen months after September 1, 1946, when by the terms of the agreement the conveyance was to have been made. We think they will have had the "reasonable length of time" which the contract gave them.

The final decree should not have required the defendants to give a warranty deed, since their obligation to give a good title could be satisfied by a deed without covenants of warranty. *Kyle* v. *Kavanagh*, 103 Mass. 356. *Wells* v. *Day*, 124 Mass. 38. The decree must be modified in this respect, and also as to the time fixed for performance, which has expired pending this appeal.

An appeal from the judge's findings of fact and order for decree is dismissed. *Broderick's Case*, 320 Mass. 149, 151. *Graustein* v. *Dolan*, 282 Mass. 579, 582–583. The final decree as modified is affirmed with costs of appeal.

*So ordered.*