*Northern District*

No. 7613

### RALPH HALL

v.

### DOMINIC P. OPACKI

Argued: Sept. 16, 1971 - Decided: Dec. 22, 1971

*Present:* Parker, P.J., Durkin, Mason, JJ.

Case tried to *Forte, J.* in the District Court of Central Middlesex No. 27234.

**Parker, P.J.** This case was remanded to the District Court of Central Middlesex and is here on a report by the trial Justice who heard the case.

The plaintiff's declaration alleges that on or about 28 October 1966 the plaintiff and the defendant entered jointly into an agreement to purchase five apartment houses, containing seventy-five suites located in Lowell, from one Gerald Fineberg, and that on or about 28 October 1966 the plaintiff gave one thousand dollars check as a deposit to the seller (Fineberg) as a part of his agreement with the defendant. It was further agreed between plaintiff and defendant that they would jointly purchase this property and would give an additional $2,500.00 deposit to the seller seven days after 28 October 1966 at which time a long form purchase and sales agreement was to be executed by the plaintiff, defendant and the seller. The plaintiff, de-

fendant and the seller all jointly, on 28 October 1966, executed an offer to purchase and the plaintiff, as a part of the agreement with the defendant, gave the seller a $1,000.00 binding deposit. Thereafter the defendant refused to abide by his agreement with the plaintiff to proceed to the purchase of the property and, as a result of the defendant's failure to abide by the terms of the agreement between him and the plaintiff, the plaintiff has been damaged as alleged in his writ.

The defendant's answer is a general denial, that the matters claimed by the plaintiff were within the Statute of Frauds and lack of consideration.

The defendant moved for specifications which motion was allowed by the court. In answer thereto the plaintiff specified that the agreement was oral, that the terms of the agreement were that the plaintiff and defendant would purchase the premises according to the offer to purchase and that plaintiff would invest $12,000 and the defendant would invest $35,000, and each would own 50%, that the plaintiff would manage the property and that the plaintiff and defendant would split profits 50/50. The plaintiff further specified that the agreement was between the plaintiff and defendant and that there were no other written agreements other than the offer to purchase.

At the trial, counsel for the plaintiff and defendant filed an agreed statement of facts for

purposes of the trial in the District Court and the Appellate Division which reads, as follows:

"1. On October 28, 1966, the plaintiff and the defendant both signed a written offer to purchase an apartment house complex in Lowell, Massachusetts, from one Gerald Fineberg. Fineberg accepted the offer.

2. The plaintiff made the $1,000 deposit shown on said Exhibit "A".

3. The plaintiff and the defendant had an oral agreement as follows:

(a) With respect to the $47,000 cash to be paid by the plaintiff and the defendant, the plaintiff would contribute $12,000 and the defendant would contribute $35,000.

(b) Ownership of the property would be fifty (50%) each.

(c) The plaintiff would manage the property.

(d) Profits or losses from the property would be divided fifty (50%) each.

4. The plaintiff signed a long form purchase and sales agreement. The defendant refused to have anything further to do with the agreement. Fineberg was prepared to sign the long form agreement.

5. The plaintiff appeared at the Middlesex North District Registry of Deeds in Lowell on December 9, 1966 to complete the purchase of the property.

6. The plaintiff and Gerald Fineberg were

ready, willing and able to complete the agreements and the defendant refused.

7. The seller, Mr. Fineberg, retained the $1,000.''

At the trial the court ruled that an oral agreement relating to an interest in land is unenforceable unless there is a written memorandum signed by the party to be charged. The purchase and sale agreement signed by the plaintiff, the defendant and the seller satisfies the requirements of the Statute of Frauds.

No requests for rulings were filed by either party.

The defendant claims to be aggrived by the court's rulings as to the Statute of Frauds and to the entry of a finding for the plaintiff.

The only evidence reported is that stated in the Agreed Statement of Facts.

▇▇. Since the case was tried upon an agreed statement of facts which was the only evidence introduced it was in effect a case stated. *Redden* v. *Ramsey,* 309 Mass. 225. *Associates Discount Corp.* v. *Gillineau,* 322 Mass. 490, 491. *Hayes* v. *Lumbermans Mutual Casualty Co.,* 310 Mass. 81, 83. It being a ''case stated'' it was the duty of the judge to order the judgment that was required by the application of the correct principles of law to the facts stated. *Caissie* v. *Cambridge,* 317 Mass. 346, 347.

The provisions of G.L.c.231, §126 provides that in a ''case stated'' any court either in the first instance or upon appeal shall be at liberty

to draw from the facts and documents stated any inference of fact that might have been drawn therefrom at a trial unless the parties expressly agree that no inferences shall be drawn. The inferences drawn by the trial judge from the facts stated are not binding upon the Appellate Court and questions of fact as well as questions of law are open for review. *Caissie* v. *Cambridge,* 317 Mass. 341, 342. This being a case stated the only question open is whether the plaintiff can recover in any form of action. *Collins* v. *Boston,* 338 Mass. 704, 711. *North End Auto Park, Inc.* v. *Petringa Trucking Co., Inc.,* 337 Mass. 618, 623-24 and cases cited.

Requests for rulings should not be filed since they have no standing when a case is heard as a cases stated. *Associated Discount Corp.* v. *Gillineau,* 322 Mass. 490, 491. *Redden* v. *Ramsey,* 309 Mass. 225.

The question before us is whether, on the "case stated" and reasonable inferences therefrom, the written offer of the plaintiff and defendant to the seller and accepted by him constitutes a memorandum or note under the provisions of G.L.c.259, §1, Fourth. (Statute of Frauds) which reads as follows:

"No action shall be brought: —— Fourth Upon a contract for the sale of lands tenements or hereditaments or any interest in or concerning them; ——. Unless the promise, contract or agreement upon which such action is brought, or some memorandum or

note thereof, is in writing and signed by the party to be charged therewith ——".

The burden to prove a memorandum or note sufficient to allow the action to be brought is on the plaintiff. *Weiner* v. *Slovin,* 270 Mass. 392, 394, 395. *Kalker* v. *Bailen,* 290 Mass. 202,205. *Beaver* v. *Raytheon Manuf. Co.,* 299 Mass. 218, 219. *Michelson* v. *Sherman,* 310 Mass. 774, 776.

The agreed facts (the case stated) in its material parts are as follows.

The plaintiff and defendant both signed a written offer to one Fineberg to purchase from him certain real estate in Lowell.

On the offer appears as the last word and after the signatures of the plaintiff and the defendant the word "ACCEPTED" followed by the signature of Gerald Fineberg, and according to the Agreed Facts, Fineberg accepted the offer. The offer contained a provision that a formal agreement was to be executed within 7 days from the 28 October 1966, the date of the offer. The plaintiff and the defendant had an oral agreement that with respect to the $47,000 cash to be paid by plaintiff and defendant to the seller, plaintiff would contribute $12,000 and the defendant would contribute $35,000 that the ownership would be 50% each, that the plaintiff would manage the property and that profits or losses from the property would be divided 50% each. The plaintiff signed a long form purchase and sales agreement and Fineberg was prepared to sign it, and the plaintiff and

Fineberg were ready, willing and able to complete the agreement, but the defendant refused to do so. The Agreement between the plaintiff, defendant and seller was made a part of the Agreed Statement of Facts (the case stated). It gave the location of the property to be bought, the price to be paid $47,000.00. The plaintiff paid a deposit on the agreement between plaintiff, defendant and seller of $1000.00 which was retained by Fineberg. The agreement between the plaintiff and defendant as buyers and Fineberg as seller was signed by the defendant, plaintiff and Fineberg, and it also gave the names and address of the defendant and the plaintiff.

A memorandum or note to satisfy the terms of G.L.c.259, §1, Fourth must contain the terms of the oral contract agreed upon such as the parties, the locus of real estate dealt with and it must be signed by the party to be charged. *Des Brisay* v. *Foss*, 264 Mass. 102, 104.

The contract created by the acceptance of the offer of the plaintiff and defendant by Fineberg does not state the payment of the $47,000 consideration for the property is to be decided between the plaintiff and the defendant.

The Agreed Facts in the case at bar state the oral contract between the plaintiff and defendant as to the furnishing of the payment of the sales price of $47,000. The written contract of sale between the defendant and the plaintiff and the seller does not state the terms of the oral undertaking of the party sought to be

charged, the defendant in this case. *Epdee Corp.* v. *Richmond,* 321 Mass. 673, 675.

The agreement bettween defendant, plaintiff and seller is a valid agreement *as to the seller* and he could enforce it. Under it the plaintiff and defendant jointly agreed to that contract. The seller would not be bound by any agreement between the defendant and plaintiff.

The oral agreement between the plaintiff and defendant has nothing to do with that contract. The agreement between the defendant and plaintiff and seller is not a memorandum of the oral agreement between the plaintiff and defendant because it does not state the oral agreement between the plaintiff and the defendant. It does not state the oral contract under which the plaintiff seeks to charge the defendant and therefore is not a memorandum of that oral contract under the cited section of G.L.c. 231. *Epdee Corp.* v. *Richmond,* 321 Mass. 673, 675. *Fichera* v. *Lawrence,* 312 Mass. 287, 288. *Frost* v. *Kendall,* 320 Mass. 623, 625.

We are of the opinion that the trial judge was in error in finding for the plaintiff.

The finding of the court is reversed and entry is to be made — **Judgment for the Defendant.**

FREDERICK J. CONROY
   of Lexington for the plaintiff.
EDMUND M. HURLEY and
CHARLOTTE A. BERRETTA,
   both of Boston, for the defendant.