**Paul DAVIS, Plaintiff,**

v.

**SWEETHEART PLASTICS, INC., Defendant.**

**Civ. A. No. 84–3508–Mc.**

United States District Court, D. Massachusetts.

June 10, 1986.

Robert I. Kalis, Tierney, Kalis & Adamopoulos, Salem, Mass., John F. Tierney, for plaintiff.

S. Elaine McChesney, and William A. McCormack, Bingham, Dana & Gould, Boston, Mass., for defendant.

MEMORANDUM AND ORDER

McNAUGHT, District Judge.

This matter is before the Court on the defendant's motion for summary judgment. The plaintiff has filed an opposition and both parties have filed memoranda and affidavits in support of their positions.

This is a declaratory judgment and breach of contract action where the plaintiff claims entitlement to certain supplemental retirement benefits. The plaintiff began work with Sweetheart in 1959 and

retired on August 31, 1984 at age 68. At the time of his retirement Davis was given the pension benefits which are available to all qualified employees. Davis claims he is entitled to additional supplemental retirement benefits based on oral promises allegedly made by Sweetheart's former president, Samuel Shapiro, on September 1, 1965 and twice again in December of 1976.

In response to the complaint filed October 2, 1984, Sweetheart filed a motion to dismiss based on the plaintiff's failure to satisfy the Massachusetts statute of frauds, Mass. General Laws c. 259, § 1. The alleged oral promises for supplemental benefits, whether made in 1965 or 1976, could not possibly have been performed within one year of their making since Davis was not eligible for retirement until the year 1981, several years after the last promise was made. Unless evidenced by a writing, the alleged contract is unenforceable. Thus, the plaintiff is put to the task of producing a sufficient writing memorializing the alleged oral agreement.

During argument on the motion to dismiss held on May 13, 1985, the plaintiff was unable to point to any legally sufficient writing. This Court, however, in deference to the plaintiff, denied without prejudice Sweetheart's motion and stated that it would entertain a similar motion brought upon completion of discovery on September 30, 1985. The instant motion for summary judgment, filed October 16, 1985, again raises the question: can the plaintiff's complaint survive the statute of frauds defense?

In his memorandum in opposition to summary judgment, the plaintiff puts forward basically two arguments: first, that the defendant is estopped from asserting the statute of frauds, and second, that discovery has revealed memoranda which satisfy the writing requirement of the statute.

Where there is fraud or misrepresentation on the part of the party against whom enforcement of an oral contract is sought, the courts have estopped the misbehaving party from raising the statute of frauds as a defense. *E.g., Greenstein v. Flatley*, 19 Mass.App. 351, 474 N.E.2d 1130 (1985) citing *Cellucci v. Sun Oil Co.*, 2 Mass.App. 722, 320 N.E.2d 919 (1974).

■ Here, Davis asserts that he detrimentally relied on Sweetheart's promises of additional retirement benefits in that he rejected on several occasions the overtures of "headhunters" (or job recruiters) and that he made no personal effort to seek other employment. Nowhere does the plaintiff allege that concrete job offers were made or interviews held; hence, there was no legally cognizable reliance. *See Parker v. Page*, 270 Mass. 167, 174, 169 N.E. 915 (1930) (relinquishment of one's job not sufficient forebearance to estop the barring effect of the statute of frauds). Consequently, the statute of frauds hurdle remains.

The defendant maintains that the plaintiff still cannot point to any document sufficient to satisfy the statute of frauds. Sweetheart further states that it is not aware of any documents which would satisfy the statute. Joseph Bly, Sweetheart's keeper of the records, testified at deposition that Davis' personnel file contains no documents regarding supplemental benefits. [Bly Tr. at 25–26]. Samuel Shapiro, who allegedly made the promise, testified that there were no documents regarding supplemental benefits concerning Davis. [Shapiro Tr. at 35, 1. 5–20].

■ The plaintiff, however, says that discovery has uncovered numerous writings which comport with the statute of frauds and which indicate his entitlement to supplemental benefits. He points to several letters and inter-office memoranda addressed not to himself, but to other "key" employees of Sweetheart. Davis characterizes these writings as evidencing a "key-man retirement benefits program" under which he was promised coverage. The plaintiff also points to a handwritten memorandum prepared by a Mr. Tufenkjian, a Sweetheart supervisor, during a meeting with Davis in 1983. The Tufenkjian memorandum contains the words "$15,000 supp."

along with various other abbreviations and computations.

■ To withstand the instant motion for summary judgment, the plaintiff must point to a writing which evidences an individual contract for benefits or an entitlement to participate in any alleged "group" contract or benefit program. Davis misses the mark and does neither. The memoranda which are addressed to other employees fail to demonstrate Davis' entitlement to coverage under a program. The only writing pertaining to Davis individually is the Tufenkjian memorandum. Plaintiff's counsel, however, states that this writing does not pertain to the contract on which Davis brings suit but refers instead to an attempted settlement on the part of Sweetheart to "make-up" for his not receiving the supplemental benefits as originally promised.

To satisfy the statute of frauds, the writing must state correctly the oral undertaking of the party sought to be charged. *Epdee Corp. v. Richmond,* 321 Mass. 673, 75 N.E.2d 238 (1947). As the Tufenkjian memorandum speaks only to negotiations which took place for the purpose of entering into a new and separate undertaking, it cannot be construed as a sufficient writing memorializing the oral agreement on which the plaintiff sues.

Lastly, the plaintiff argues that even if he cannot satisfy the statute of frauds, he is nevertheless entitled to a declaration of his rights under the alleged oral contract. An unenforceable contract, however, creates no rights or obligations.

Accordingly, the defendant's motion for summary judgment is hereby allowed.