Whitehead, J.
The plaintiff, Chris J. Stavaridis (“Stavaridis”), brought this action against the defendant, Dynamic Machine Works, Inc. (“Dynamic”), claiming that Dynamic has failed to compensate Stavaridis for services rendered as a broker. Specifically, Stavaridis claims breach of contract (Count I), breach of fiduciary duty (Count II), violation of G.L.c. 93A, §11 (Counts III and IV), fraud (Count V), and quantum meruit (Count VI).
Dynamic now moves for summary judgment on all counts, and for the reasons outlined below, Dynamic’s motion is ALLOWED.
UNDISPUTED FACTS
The material undisputed facts are as follows:
In either 1986 or 1987, the owner and operator of Dynamic, Venanzioro Fonte (“Fonte"), entered into an oral agreement with Stavaridis on behalf of Dynamic (the “Dynamic-Stavaridis Oral Agreement”) in which Stavaridis, in return for a commission, agreed to assist Dynamic in bidding on a government contract for the production of launch motor assemblies for tube-launched, optically guided, wire-controlled (‘TOW’) missiles.[1] The only writing evidencing such an agreement is a letter from Dynamic to a contracting officer,[2] signed by Fonte and dated May 5, 1987 which provided, “please be advised that Chris J. Stavaridis has the authority to bind Dynamic Machine Works, Inc. contractually in all matters.” The parties dispute the date on which they entered into the Dynamic-Stavaridis Oral Agreement. Stavaridis contends that the parties entered the agreement in early 1987, and Dynamic submits that it was in approximately June 1986. There is, moreover, a dispute as to the amount of Stavaridis’s agreed-upon commissions. Stavaridis contends that Dynamic agreed to commissions of $8.00 per Primary Unit and $6.00 per Add-On Unit, but Dynamic Maintains that the agreement provided for $6.00 and $4.00 respectively.
In any event, it is undisputed that Stavaridis assisted in submitting Dynamic's bid to acquire a government contract for TOW missiles. Stavaridis met with officers and directors of Dynamic and provided them with his analysis and several bid proposals. Dynamic thereafter bid on and acquired the TOW contract, which obligated Dynamic to produce 25,809 units at a price of $136.79 per unit (the “Primary Units”) and an additional 3,440 at a price of $115.00 per unit (the “Add-On Units”).
*447 Dynamic paid commissions to Stavaridis totalling $168,614.00, an amount equal to $6.00 per Primary Unit and $4.00 per Add-On Unit. Stavaridis contends he its entitled to $8.00 per Primary Unit and $6.00 per Add-On Unit, and he has therefore brought this action.
DISCUSSION
Summary Judgment
Summary judgment shall be granted where (1) there are no material facts in dispute and (2) the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating both elements. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805 (1991), accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson, supra, 404 Mass. at 17. “(T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment.” LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
Breach of Contract (Count I)
The first issue before the court is whether Stavaridis’s contract claim is barred by the statute of frauds.
Massachusetts General Laws c. 259, §7 provides as follows:
Any agreement to pay compensation for service as a broker or finder or for service rendered in negotiating a loan or in negotiating the purchase, sale or exchange of a business, its good will, inventory, fixtures or an interest therein, including a majority of voting interest in a corporation, shall be void and unenforceable unless such agreement is in writing, signed by the party to be charged therewith, or by some other person authorized. For the purpose of this section, the term negotiating shall include identifying prospective parties, providing information concerning prospective parties, procuring an introduction to a party to the transaction or assisting in the negotiation or consummation of the transaction. The provisions of this section shall apply to a contract implied, in fact, or in law, to pay reasonable compensation, but shall not apply to a contract to pay compensation for professional services of an attorney at law or a licensed real estate broker or real estate salesman acting in their professional capacity. (Emphasis supplied.)
It is well established that in interpreting a statute, the language is the starting point, the “principal source of insight into the legislative intent.” Acme Laundry Co. v. Secretary of Environmental Affairs, 410 Mass. 760, 770 (1991). In the absence of statutory definitions, the first step is to look at the words chosen by the General Court, employing their “plain and ordinary meaning." Commonwealth v. One 1987 Mercury Cougar Automobile, 413 Mass. 534, 537 (1992).
The word “broker” has been defined as:
An agent employed to make bargains and contracts for compensation. A dealer in securities issued by others. White v. Financial Guarantee Corporation, 13 Cal.App.2d 93, 56 P.2d. 550, 553. A middleman or negotiator between parties. A person dealing with another for sale of property. A person whose business it is to bring buyer and seller together. One who is engaged for others, on a commission, to negotiate contracts relative to property. North Carolina Licensing Board v. Aikens, 31 N.C.App. 8, 228 S.E.2d 493, 496. An agent of a buyer or a seller who buys or sells stocks, bonds, commodities, or services, usually on a commission basis. The term extends to almost every branch of business, to realty as well as personalty.
Black's Law Dictionary at 193 (6th ed. 1990). See generally Griffith v. New England Telephone & Telegraph Co., 414 Mass. 824, 828 (1993) (court used Black’s to assist in interpreting term “abandoned,” as used in G.L.c. 21E). The undisputed facts in this case establish that Stavaridis entered into an agreement with Dynamic to “make bargains and contracts for compensation.” Therefore, Stavaridis is a “broker" within the plain and ordinary meaning of G.L.c. 259, §7.
Stavaridis contends that G.L.c. 259, §7 does not apply to his relationship with Dynamic because it applies only to brokers who negotiate the “purchase, sale, or exchange of businesses.” However, Stavaridis’s reading of the provision fails to comport with general rules of statutory construction.
The provision’s language makes it clear that the General Court intended it to apply to all “brokers or finders,” and not only brokers who sell businesses. The statute requires, as noted above, a writing “for service as a broker or finder or for service rendered in negotiating a loan or in negotiating the purchase, sale or exchange of a business .. .” G.L.c. 259, §7 (emphasis supplied). It is evident that the General Court specifically and deliberately inserted the word “service” into the provision in two strategic places to highlight a difference between “service as a broker or finder” and “service in negotiating the . . . sale of a *448 business,” so as to include both services within the statute’s language.
If the General Court intended the statute to apply only to service in negotiating the sale of a business, there would be no need to insert the word “service" twice. Furthermore, there would be no need for the words “broker or finder” or for the second “or.” Since this court is required “to construe the statute in such a way as to make it an effective piece of legislation, and in that connection every phrase should be given some effect," it must construe “service” in G.L.c. 259, §7 to include service provided by non-business selling brokers. Commonwealth v. Mercy Hospital, 364 Mass. 515, 521 (1974); see also Town of Milton v. Metropolitan Dist. Comm'n, 342 Mass. 222, 225 (1961) (“words in a statute will not be assumed to have no force or effect”). The court will not interpret the statute so as to render it or any portion of it meaningless. Adamowicz v. Town of Ipswich, 395 Mass. 757, 760 (1985); Commonwealth v. Wade, 372 Mass. 91, 95 (1977); Commonwealth v. Brooks, 366 Mass. 423, 433 (1974).
Thus, the term “broker or finder” applies to Stavaridis in the instant case. Moreover, since Stavaridis failed to acquire a sufficient writing regarding his employment,[3] Stavaridis’s contract claim (Count I) is barred, and Dynamic’s motion for summary judgment is ALLOWED as to that claim.[4]
Breach of Fiduciary Duty (Count II)
The second issue before the court is whether Dynamic owed to Stavaridis a fiduciary duty. A principal, at times, owes some duties to its agent. See Buckley & Scott Utilities v. Petroleum Heat & Power Co., 313 Mass. 498, 503 (1943) (an implied contractual duty not to interfere with agent’s efforts). However, there is no authority to support the position that the principal owes to his agent a fiduciary duty.
In this case, Stavaridis agreed to work as Dynamic’s broker or finder, thereby making Stavaridis Dynamic’s agent, and causing him to owe all of the accompanying fiduciary duties. See e.g. Mackey v. Rootes Motors Inc, 348 Mass. 464, 467 (1965) (duty to act solely for principal’s benefit); Raymond v. Davies, 293 Mass. 117, 119 (1934) (duty to give outside profits to principal). However, Dynamic, as the principal, owed to Stavaridis no fiduciary duty in return.
Accordingly, Dynamic’s motion for summary judgment with respect to Stavaridis’s claim for a breach of fiduciary duty (Count II) is ALLOWED.
G.L.c, 93A (Counts III, IV)
The third issue before the court is whether Stavaridis has established a claim under G.L.c. 93A. Massachusetts General Laws c. 93A, §2(a) makes unlawful any ”[u]nfair . . . acts or practices in the conduct of any trade or commerce." “Common law fraud can be the basis for a claim of unfair or deceptive practices under the statute [G.L.c. 93A, §§2(a) and 11].” See the PMP Assocs., Inc. v. Globe Newspaper Co., 366 Mass. 593, 596 (1975); See also McEvoy Travel Bureau, Inc. v. Norton Co., 408 Mass. 704, 714 (1990); Levings v. Forbes & Wallace, Inc., 8 Mass.App.Ct. 498, 504 (1979).
In this case, Stavaridis claims that Dynamic’s refusal to pay agreed-upon commissions constitutes an unfair or deceptive act. The court concludes in the next section of this memorandum that Stavaridis has failed to prove the element of intent necessary to establish a prima facie case of common law fraud. For the same reasons, he also has failed to establish a claim under G.L.c. 93A. Anthony's Pier Four, Inc. v. HBC Associates, 411 Mass. 451, 476 (1991) (both common law fraud and G.L.c. 93A require an intentional or willful act).
Thus, with respect to Stavaridis’s claim of a G.L.c. 93A violation (Counts III, IV), Dynamic’s motion for summary judgment is ALLOWED.
Fraud (Count V)
The fourth issue before the court is whether Stavaridis has established a claim for common law fraud. To maintain an action for fraud, Stavaridis must show, among other elements, that Dynamic intended to withhold a portion of the agreed-upon commissions from Stavaridis at the time he made the Dynamic Stavaridis Oral Agreement. See McAvoy Travel Bureau, Inc. v. Norton Co., 408 Mass. 704, 712 (1990) (statement by party to contract that it did not intend to enforce contractual termination provision could form basis for fraud claim, to extent that statement misrepresented actual intent of the speaker as evidenced by internal memoranda); Danca v. Taunton Sav. Bank, 385 Mass. 1, 8 (1982); Snyder v. Sperry & Hutchinson Co., 368 Mass. 433, 444 (1975); Powell v. Rasmussen, 355 Mass. 117, 118-19 (1969).
In this case, Stavaridis claims that Dynamic committed fraud by promising to pay Stavaridis a greater commission for the TOW missile units than it intended. Stavaridis can point only to the fact that Dynamic did not pay him the full commissions as evidence of Dynamic’s intention to deceive. If this were sufficient, then all claims for breach of contract would automatically establish a concomitant claim for fraud. More evidence is necessary to establish fraudulent intent.
Accordingly, with respect to the fraud claim (Count V), Dynamic’s motion for summary judgment is ALLOWED.
Quantum Meruit (Count VI)
The final issue before the court is whether G.L.c. 259, §7 bars Stavaridis’s claim for quantum meruit. As noted above, G.L.c. 259, §7 provides, in pertinent part that;
[t]he provisions of this section shall apply to a contract implied in fact, or in law, to pay reasonable compensation, but shall not apply to a contract to pay compensation for professional services of an attorney at law or a licensed real estate broker or *449 real estate salesman acting in their professional capacity. (Emphasis supplied.)
As noted earlier, in interpreting a statute, the language is the starting point, the “principal source of insight into the legislative intent.” Acme Laundry Co. v. Secretary of Environmental Affairs, 410 Mass. at 770. The court, moreover, must employ the “plain and ordinary meaning” of the statute’s language. Commonwealth v. One 1987 Mercury Cougar Automobile, 413 Mass. at 537.
The term “Quantum Meruit” has been defined as follows:
“Quantum Meruit” as amount of recovery means “as much as deserved,” and measures recovery under implied contract to pay compensation as reasonable value of services rendered. [Citations omitted.] An equitable doctrine, based on the concept that no one who benefits by the labor and materials of another should be unjustly enriched thereby: under those circumstances, the law implies a promise to pay a reasonable amount for the labor and materialsfurnished even absent a specific contract therefor. (Citations omitted, emphasis supplied.)
Black’s Law Dictionary at 1243 (6th ed. 1990). Courts, moreover, have acknowledged that quantum meruit is the remedy for an implied contract. SED Associates, Inc. v. Phineas Alpers Architect et al, 1994 Mass.App.Div. 35 (1994) (citing Fay Spofford & Thorndike, Inc. v. Massachusetts Port Authority, 7 Mass.App.Ct. 336, 341 (1979); see also Lonnquist v. Lammi, 240 Mass. 371, 373 (1922). Since a claim for quantum meruit is a claim on a contract implied in law, the plain and ordinary language of the statute bars claims for quantum meruit.
The view that actions in quantum meruit are barred by G.L.c. 259, §7 is supported by authority from New York, which possesses a statute containing nearly identical exclusionary language:
a. Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise or undertaking:
10. Is a contract to pay compensation for services rendered in negotiating a loan, or in negotiating the purchase, sale, exchange, renting or leasing of any real estate or interest therein, or of a business opportunity, business, its good will, inventory, fixtures or an interest therein, including a majority of the voting stock interest in a corporation and including the creating of a partnership interest. “Negotiating” includes procuring an introduction to a party to the transaction or assisting in the negotiation or consummation of the transaction. This provision shall apply to a contract implied in fact or in law to pay reasonable compensationbut shall not apply to a contract to pay compensation to an auctioneer, an attorney at law, or a duly licensed real estate broker or real estate salesman.
N.Y. GEN. OBLIG. §5-701 (McKinney 1994).
The New York statute was enacted in 1964,20 years prior to G.L.c. 259, §7, and at that time the New York Law Review Committee found that the provision “could not be avoided by an action for compensation in quantum meruit.” Report of N.Y. Law Rev. Comm., N.Y. Legis. Doc. 1964 No. 65(6).[5] Moreover, since it’s enactment, courts have consistently interpreted it to exclude claims for quantum meruit. See e.g., Howard Sloan Legal Search, Inc. v. Todtman, Young, Tunick, Nachamie, Hendler & Spiza, 597 N.Y.S.2d 64, 65 (1993), Philo Smith & Co., Inc. v. USLIFE Corp., 554 F.2d 34, 35 (2d Cir. 1977); Denny v. American Tobacco Co., 308 F.Supp. 219, 222 (D.Cal. 1970); Minichiello v. Royal Business Funds Corp., 277 N.Y.S.2d 268, 272 (1966). The policy behind this position is well expressed in Minichiello v. Royal Business Funds Corp.:
The nature of the transactions [with brokers] is such that, in the absence of a requirement of a writing, unfounded and multiple claims for commissions are frequently asserted, and employers often seek to escape liability by denying the fact of employment. These controversies are commonly resolved by juries on conflicting testimony, with the consequent danger of erroneous verdicts.
Minichiello v. Royal Business Funds Corp., 277 N.Y.S.2d at 272 (quoting Report of N.Y. Law Rev. Comm. N.Y. Legis. Doc. 1964, No. 65(G), p. 615).
Accordingly, with respect to Stavaridis’s claim for quantum meruit (Count VI), Dynamic’s motion for summary judgment is ALLOWED.
ORDER
It is hereby ordered that the motion of the defendant Dynamic Machine Works, Inc. for summary judgment be ALLOWED on all counts.

 In 1984, Stavaridis and Dynamic orally agreed that Stavaridis, during the period from 1984 to 1986, would act as a “broker” or “finder” for Dynamic to seek out potential business for Dynamic on a commission basis. During this period, however, Stavaridis failed to provide Dynamic with business and earned no commissions.

 The contractor was Ms. Mary Scogin of AMC Com.

 The letter from Dynamic does not fulfill the writing requirement as it fails to state the material terms of the employment agreement. Epdec Corp. v. Richmond, 321 Mass. 673, 675 (1947) (“To satisfy the statute of frauds the writing must state correctly the oral undertaking of the party sought to be charged”); Davis v. Sweetheart Plastics, Inc., 635 F.Supp. 849, 851 (D.Mass. 1986) (same).

 Since the court concludes that the contract claim is barred under G.L.c. 259, §7, it does not reach the other sections of G.L.c. 259 which Dynamic contends also apply.

 For text of the Commission’s supporting study, see also, McKinney’s 1964 Session Laws of New York, p. 1796.