Toomey, J.
The plaintiff, Rezendes, brought this action to recover a commission after obtaining, on behalf of the defendants, financing for a loan. The plaintiff seeks recovery on the theories of Quantum Meruit (Count I), Unjust Enrichment (Count II), and Breach of Contract (Count III). The defendants have moved to. dismiss Counts I and II pursuant to Mass.R.Civ.P. 12(b)(6) and move for summary judgment on Count III pursuant to Mass.R.Civ.P. 56.
FACTS
Rezendes, doing business as First Atlantic Credit Corporation, was retained by defendants Alice and Chester Barrows to negotiate a loan for their business, defendant Carpet Products, Inc. On April 24, 1995, Alice and Chester Barrows signed a written Assent Agreement which provides, in pertinent part:
From the proceeds of the loan made by Slades Fenry Bank, I hereby assent to payment of 3% of the total financing commitment to be made directly to First Atlantic Credit Corporation or its assigns. Payment will be made in full at closing out of the loan proceeds.
(Defendants’ Exhibit A) (emphasis added). On or about September 21, 1995, the plaintiff obtained a one million, two hundred fifty thousand dollar loan commitment from Slades Ferry Bank. (Plaintiffs Exhibit A.) However, the loan from Slades Ferry Bank never closed.
DISCUSSION
Mass.R.Civ.P. 12(b) provides, in part, that a motion to dismiss a complaint, brought under Mass.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted, shall be treated as a motion for summary judgment if matters outside the pleadings are presented to and not excluded by the court. Because this Court has been presented and will consider materials outside of the pleadings, the defendants’ motion to dismiss Counts I and II will be treated as a motion for summary judgment.[1]
QUANTUM MERUIT AND UNJUST ENRICHMENT
Quantum meruit and unjust enrichment are equitable remedies available to a court inclined to allow recovery in situations where, although the court finds no enforceable contract, the circumstances require imposition of a legal obligation in the interests of justice. The plaintiff in this case, however, cannot recover on the theories of quantum meruit and unjust *217 enrichment because there exists a valid, enforceable contract.
G.L.c. 259, §7 provides, in pertinent part: “Any agreement to pay compensation for services as a broker . . . shall be void and unenforceable unless such agreement is in writing.” The statute thus demands that brokers’ commission agreements be in the form of written contracts and that requirement of contract, when satisfied, effectively bars a broker’s claim for quantum meruit. Stavaridis v. Dynamic Machine Works Inc., Civil No. 91-1276-E, 2 Mass. L. Rptr. 446 (Middlesex Super. Ct. July 29, 1994).
In the instant case, the assent agreement, by which the defendants agreed to pay the plaintiff a 3% commission at the closing out of the loan proceeds, satisfies the writing requirement of G.L.c. 259, §7. The assent agreement is a contract for the breach of which an action at law will lie. Therefore, the plaintiffs claim for equitable relief in the nature of quantum meruit and unjust enrichment founder on the availability of the contract. The necessary precondition — viz the absence of a contract — to the relief sought in Counts I and II cannot be established by plaintiff and, accordingly, the defendants’ motion for summary judgment on Count I and Count II must be ALLOWED.
BREACH OF CONTRACT
The defendants have also moved for summary judgment on Count III, arguing that, because there could be no breach of a contract which provided that a commission only became due when the loan closed and because the loan never closed, the refusal to pay the commission was not a breach. The general principle is sound, but its application does not avail the defendant at this stage of the proceedings.
In Hillis v. Lake, 421 Mass. 537 (1995), the Supreme Judicial Court held that a broker earns his commission when he produces a ready, willing, and able buyer and the purchaser completes the transaction by closing in accordance with the contract. However, the requirement that the sale actually be consummated or, as in the case at bar, that the loan actually “close," is subject to a significant exception. A broker is entitled to a commission, notwithstanding the failure of the sale, when “the failure of completion of the contract results from the wrongful act or interference of the seller.” Hillis v. Lake, 421 Mass. at 542; Tristram’s Landing v. Wait, 367 Mass. 622, 629 (1975).[2]
Here, the plaintiff asserts that he produced Slades Ferry Bank, a lender ready, willing, and able to provide financing, but that the defendants delayed in remedying environmental deficits upon the land securing the loan, thus causing the loan not to close. Therefore, plaintiff continues, because of the defendants’wrongful acts and interference, the loan never closed, and the plaintiff should be entitled, under the Hillis and Tristram exception to the consummation doctrine, to his commission.
Defendants contest plaintiffs assertion of their responsibility for the delay and consequent failure of closure. There remain, therefore, genuine issues of material fact as to whether the defendants wrongfully interfered with the closing of the loan sufficient to trigger the Tristram's and Hillis exception. The defendants’ motion for summary judgment on Count III must, accordingly, be DENIED.
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendants’ motion for summary judgment on Count I — Quantum Meruit — is ALLOWED.
The defendants’ motion for summary judgment on Count II — Unjust Enrichment — is ALLOWED.
The defendants’ motion for summary judgment on Count III — Breach of Contract — is DENIED.

 If the court decides thus to convert a motion to dismiss into a motion for summary judgment, the court must advise the parties of its intention to do so and afford the parties a reasonable opportunity to present material pertinent to summary judgment analysis. See Stop & Shop Cos. v. Fisher, 387 Mass. 889, 893 (1983); Orion Ins. Co. v. Shenker, 23 Mass.App.Ct. 754 757-758 (1987). At bar, a hearing on the defendants’ motion to dismiss was held contemporaneously with the hearing upon the defendants’ motion for summary judgment. Materials outside of the pleadings, which the Court will now consider in deciding the defendants’ motion, were presented to and not excluded by the Court at that time. There is, therefore, no reason now to delay the instant determinations of the pending motions merely to provide the parties with an opportunity again to offer materials that were already a part of the earlier proceedings.

 This Court recognizes that both Tristram's Landing and Hillis deal with real estate broker’s commissions, and that the present case involves a commission on a bank loan. However, this Court sees, and the parties have suggested, no reason why different standards should apply.